José A. Rodríguez Rivera y Elizabeth Benítez de Rodríguez, demandantes y recurridos, *v.* Autoridad de Carreteras, General Accident Fire & Life Insurance Corp., Ltd., demandados y recurrentes.

*Número:* R-80-89        *Resuelto:* 30 de junio de 1980

*Hartzell, Ydrach, Mellado, Santiago & Pérez* y *Francisco G. Bruno Rovira,* abogados de los recurrentes; la parte recurrida no compareció.

El Juez Asociado Señor Dávila emitió la opinión del Tribunal.

Al resolver la moción de reconsideración radicada por la parte aquí recurrente, el tribunal de instancia, no obstante

consignar que declaraba la moción sin lugar de plano, (1) pasó a formular unos conceptos en apoyo de su resolución. Se nos plantea si ese proceder y dictamen interrumpieron o no el término para solicitar revisión.

La Regla 47 de las de Procedimiento Civil de 1979, en relación con el derecho de las partes a solicitar la reconsideración de una resolución, orden o sentencia, dispone:

_____

(1) A continuación, el texto de la resolución denegatoria de la moción de reconsideración:

"Analizada y estudiada la Moción de Reconsideración presentada por la parte demandada el 11 de febrero pasado, el Tribunal la declara no ha lugar de plano. No obstante deseamos hacer unas expresiones sobre ella.

"Ante lo planteado en dicha Moción hemos estudiado y analizado nuevamente nuestra Sentencia dictada el 31 de enero de 1980 y alguna jurisprudencia aplicable de nuestro Tribunal Supremo y de otros tribunales. Estamos convencidos de que la valoración de los daños habidos es la que en nuestro criterio judicial es más justa y razonable. En nada visualizamos ni contemplamos que la fijación de daños haya implicado un castigo ni daños punitivos para nadie.

"Como juzgador nos preocupa la disparidad que pueda haber en valorar daños similares en distintos casos y el efecto que ello tiene en nuestra sociedad, principalmente en la imagen y opinión que pueda proyectarse de nuestros tribunales. En primer lugar, debemos estar conscientes de que no debe haber distintos estándares al valorar daños, dependiendo de los litigantes o del tribunal en que se ventile el caso. Recientemente en este aspecto se expresó un distinguido magistrado, Juez Presidente del Tribunal de Distrito Federal, Hon. José Víctor Toledo, q.e.p.d., en el mensaje que envió a la Asamblea Anual de la Judicatura Puertorriqueña el 26 de enero de 1980. En segundo lugar, el valorar daños debe responder a las circunstancias relevantes de cada caso en particular teniendo presente el juzgador en su cómputo la inflación ocurrida en los últimos años que ha mermado marcadamente el poder adquisitivo del dinero. De acuerdo al índice de precios que usa la Junta de Planificación los precios al consumidor aumentaron en un 271% entre 1950 y el 1978. (Jenaro Baquero, _Aspectos Económicos en la Compensación por Daños_, 40, No. 4 Rev. C. Abo. P.R. 641 (1979).) Esta situación persiste, por lo que al presente ello ha aumentado más.

"Incumbe a los tribunales mantener una justa perspectiva que resulte en valorar los daños de acuerdo al momento en que se vive, respondiendo así al único propósito que puede animarle, que es hacer justicia a todos por igual.

"En cuanto al Memorando de Costas y Gastos presentado el 12 de febrero de 1980 se entenderá aprobado de la parte demandada no someter objeción alguna dentro del término dispuesto en la Regla 44.1(b) de las de Procedimiento Civil nuestro."

La parte adversamente afectada por una resolución, orden o sentencia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal dentro de los diez (10) días de haberse presentado dicha moción, *deberá considerarla.* Si la rechazare de plano, el término para apelar o solicitar revisión se considerará como que nunca fue interrumpido. *Si se tomare alguna determinación en su consideración,* el término para apelar o solicitar revisión empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.

Cuando el término para recurrir de una sentencia fuere interrumpido en virtud de esta regla, la interrupción beneficiará a cualquier otra parte que se hallare en el pleito. (Énfasis suplido.)

El texto vigente corresponde sustancialmente con el anterior, (²) pero contiene unos cambios que producen una concordancia mayor entre el precepto de la regla y la práctica que prevalecía en cuanto al curso normal de una moción de reconsideración. A tales efectos, notamos que, al igual que

---

(²) Disponía así dicha regla:

"La parte agraviada por la sentencia o por una resolución podrá, dentro del término de 15 días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, o dentro del término de 5 días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, presentar una moción de reconsideración de la sentencia o de la resolución. El tribunal, dentro de los 5 días de haberse presentado dicha moción, *deberá rechazarla de plano o señalar vista para oír a las partes.* Si la rechazare de plano, el término para apelar se considerará como que nunca fue interrumpido. *Si señalare vista para oír a las partes,* el término para apelar empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los 5 días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano." (Énfasis suplido.)

en su versión anterior, la Regla 47 vigente establece que el término para apelar o solicitar revisión se considerará como que nunca fue interrumpido en aquellos casos donde el tribunal la rechaza de plano o deja de tomar alguna acción con relación a la misma dentro de los 10 días (5 en la versión anterior) de haber sido presentada. Sin embargo, expresamente dispone la interrupción del término para apelar o solicitar revisión, siempre que el tribunal tome alguna determinación al considerarla.

▆ Procede, pues, definir qué contempla el acto judicial de tomar "alguna determinación al considerar la moción". Es evidente, por disponerlo así la propia regla, que si el tribunal la rechaza con un mero no ha lugar, sin oír a las partes, se considera que la moción fue rechazada de plano. Ahora bien, si señala una vista para oír a las partes, o se dirige a la parte adversa para que exponga su posición por escrito, o fundamenta su resolución declarando sin lugar la moción, se tendrá por interrumpido el término para apelar o solicitar revisión. Sin que pretendamos agotar la lista, éstas son propiamente ·actuaciones o determinaciones demostrativas de que el tribunal ha acogido la moción de reconsideración.

En vista de lo anterior, es evidente que el término para apelar o solicitar revisión quedó interrumpido por la determinación del tribunal de instancia. *Se dejará sin efecto nuestra Resolución de 20 de marzo de 1980 que declara no ha lugar por falta de jurisdicción la solicitud de revisión.*