Rodríguez de Oronoz, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Examinado el escrito de apelación presentado el 26 de diciembre de 1996 se resuelve que el mismo es prematuro. Veamos.
La sentencia recurrida se dictó el 12 de noviembre de 1996, archivándose en autos copia de su notificación a las partes el 26 de noviembre de 1996. El 6 de diciembre de 1996 la parte demandada y tercera demandante presentó una moción solicitando se efectuaran determinaciones adicionales de hechos. Por admisión de la propia parte demandada y tercera demandante, dicha moción fue presentada en la Secretaría de la Sub-sección de Distrito, Sala de San Juan, Sala de Investigaciones, luego de haber vencido el término de diez (10) días que consignan las reglas procesales civiles para solicitar determinaciones iniciales o adicionales (Regla 43.3 de Procedimiento Civil).
Considerada dicha moción como una solicitud para determinaciones iniciales o adicionales de hecho, entendemos que la misma no interrumpió el término para interponer una apelación. (Reglas 43.4 y 53.1 de Procedimiento Civil).
Por otro lado, la moción presentada el 6 de diciembre de 1996 solicitó oportunamente la reconsideración de la sentencia dictada en el caso. Posteriormente, el 23 de diciembre de 1996 el tribunal acogió la moción. Luego de transcurrir diez (10) días desde la fecha de presentación de la moción de reconsideración, la misma quedó rechazada de plano por inacción del tribunal el 16 de diciembre de 1996.
Mas el tribunal de instancia no quedó privado de su facultad para reconsiderar la sentencia. En el caso El Mundo, Inc. v. Tribunal Superior, 92 D.P.R. 765, 801 (1965), el Tribunal Supremo estableció la siguiente doctrina:
"...opinamos ahora que una vez presentada en tiempo la moción de reconsideración, y resuelta por *920 el tribunal declarándola sin lugar de plano, bien por acción afirmativa o bien por inacción dentro de los 5 días de su presentación, el Tribunal no queda privado de su facultad para reconsiderar esa actuación suya si considera que en realidad la moción de reconsideración plantea una cuestión sustancial y meritoria que en bien de la justicia debe señalar una vista para oír a las partes, siempre que ya no se le haya privado de jurisdicción por razón de haberse interpuesto contra la sentencia un recurso de apelación o de revisión o no haya expirado el término para interponer dichos recursos". (Enfasis nuestro).
Por otro lado, se tiene interrumpido el término para apelar cuando un tribunal, ante una moción de reconsideración presentada oportunamente, se dirije a la parte adversa para que exponga su posición por escrito. Rodríguez Rivera v. Autoridad Carreteras, 110 D.P.R. 184, 187 (1980).
En el caso ante nuestra consideración el tribunal de instancia no ha quedado privado de su facultad para reconsiderar la sentencia. Esto es, nada hay que prive a dicho foro de jurisdicción para entender en la moción de reconsideración que fue interpuesta oportunamente. El'tribunal tomó "alguna determinación en su consideración" cuando se dirigió a la parte adversa y le concedió un término para que expusiera su posición por escrito. La resolución del tribunal acogiendo la moción de reconsideración es de 23 de diciembre de 1996, antes de que se interpusiera el recurso de apelación que nos ocupa y antes de que hubiese expirado el término para interponer dicho recurso.
Por lo tanto, el término para apelar quedó interrumpido desde que la moción de reconsideración fue acogida. En consecuencia, la apelación instada ante este foro es prematura. Una vez el foro de instancia tome la determinación que entienda corresponde, el término para apelar empezará a contarse desde la fecha en que se archive en los autos la copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción de reconsideración. (Regla 47 de Procedimiento Civil).
Por las razones expuestas, resolvemos que el recurso de epígrafe es prematuro, por lo que se decreta su desestimación, sin perjuicio.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA 31
1. Mediante Resolución del 23 de diciembre de 1996, notificada a las partes el 27 de diciembre de 1996, el tribunal de instancia acogió la "Moción solicitando determinaciones iniciales o adicionales de hecho y reconsideración" y solicitó a la parte demandante y tercera demandada que fijara su posición en el término de diez (10) días. Dicha resolución no resultó inoficiosa en cuanto a la solicitud de reconsideración.