Magali Febles et al., recurridos, *v.* Romar Pool Construction, peticionaria.

*Número:* CC-2000-1069      *Resuelto:* 30 de junio de 2003

*Catalino Soto Hestres*, abogado de la parte peticionaria; *Miguel A. Eliza Rivera*, del *Bufete Oquendo & Rivera-Martínez*, abogados la parte recurrida.

PER CURIAM: Este caso nos brinda la oportunidad de extender al ámbito administrativo, de manera prospectiva, la filosofía procesal de notificación de la moción de reconside-

ración que establecimos en *Lagares v. E.L.A.*, 144 D.P.R. 601 (1997).

## I

El Sr. Mike Shames y la Sra. Magali Febles, casados entre sí, contrataron a Romar Pool Construction (en adelante Romar Pool) para instalar una piscina en su residencia.

Alegando incumplimiento de contrato y defectos de construcción, los esposos Shames-Febles presentaron una querella contra Romar Pool ante el Departamento de Asuntos del Consumidor (D.A.Co.). Luego de varias vistas administrativas, D.A.Co. emitió una resolución en la cual ordenó a Romar Pool pagar a los esposos Shames-Febles la cantidad de seis mil doscientos sesenta y nueve dólares, por concepto de incumplimiento de contrato, así como los intereses legales correspondientes a partir del vencimiento del plazo que se le concedió para cumplir con la resolución.

Inconformes con la determinación de D.A.Co., los esposos Shames-Febles presentaron, por derecho propio, una moción de reconsideración. En ésta certificaron haber enviado copia a la representación legal de Romar Pool. D.A.Co. no se expresó sobre la moción de reconsideración, por lo que se entendió rechazada de plano. Dentro del término que dispone la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2172, para la revisión judicial luego de presentada una moción de reconsideración, los esposos Shames-Febles presentaron un escrito de revisión ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito).

Luego de recibir copia del escrito, Romar Pool presentó una moción de desestimación en la cual alegó falta de jurisdicción porque la revisión se presentó ante el Tribunal

de Circuito pasado el término de treinta días que establece la L.P.A.U. Romar Pool alegó que entró en conocimiento de que los esposos Shames-Febles habían solicitado una reconsideración ante D.A.Co. cuando leyeron ese dato en el escrito de revisión. Alegó que nunca se le notificó la moción de reconsideración y que, al no haberse perfeccionado ese escrito ante la agencia, se debía entender como no presentado y, por lo tanto, los términos para acudir en revisión nunca fueron interrumpidos. El Tribunal de Circuito le concedió un término a los esposos Shames-Febles para expresarse sobre la moción de desestimación. Éstos comparecieron y alegaron que habían notificado la moción de reconsideración a uno de los abogados de Romar Pool cuatro días después de presentar la moción ante D.A.Co.[1] Además, expresaron dos razones por las cuales entendían que no procedía desestimar el recurso: (1) que habían comparecido ante D.A.Co. por derecho propio y desconocían los aspectos técnicos procesales, y (2) que el foro administrativo no tomó acción sobre la moción de reconsideración y, por lo tanto, no tuvo efecto negativo alguno contra Romar Pool.

El Tribunal de Circuito acogió el planteamiento de los esposos Shames-Febles, y el 16 de noviembre de 2000 dictó una resolución mediante la cual declaró sin lugar la moción de desestimación de Romar Pool.

Inconforme con esa resolución, la peticionaria Romar Pool acudió ante nos e hizo los siguientes señalamientos de error:

1. Erró el Tribunal de Circuito al concluir que es justa causa para dejar de notificar la moción de reconsideración el que los esposos Shames-Febles hayan comparecido por derecho propio.

---

[1] Para sustentar su alegación, acompañaron una declaración jurada de la Sra. Magali Febles y otra de la secretaria personal de ésta, al efecto de que el 24 de julio de 2000, cuatro días después de presentar la moción de reconsideración ante el Departamento de Asuntos del Consumidor (D.A.Co.), se envió una copia por servicio de mensajero a la oficina del Lcdo. Luis Rivera Martínez, uno de los abogados de Romar Pool, y de que una persona llamada María A. Rivera recibió el escrito.

2. Erró el Tribunal de Circuito al concluir que es justa causa para dejar de notificar la moción de reconsideración el que no tuvo efecto negativo contra Romar Pool.

## II

La Sec. 3.15 de la L.P.A.U., 3 L.P.R.A. sec. 2165, establece que "[l]a parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden". De entrada, resulta imperativo recalcar la importancia de la filosofía procesal de la moción de reconsideración que estableció este Tribunal en *Lagares v. E.L.A.*, supra. La moción de reconsideración funge como mecanismo para que el tribunal sentenciador pueda modificar su fallo siempre y cuando tenga jurisdicción para eso. Del historial y análisis procesal de la moción de reconsideración que se hace en *Lagares v. E.L.A.*, supra, se deduce claramente que los factores principales que le dan razón de ser a las normas procesales referentes a la moción de reconsideración son: (1) evitar la utilización de tácticas dilatorias por parte de litigantes perdidosos y (2) ofrecer cierta estabilidad jurisdiccional en los casos, esto es, tener más seguridad de cuándo verdaderamente un término jurisdiccional, como es el de la revisión, está próximo a vencer.

En cuanto a la notificación de la moción de reconsideración, determinamos en *Lagares v. E.L.A.*, supra, págs. 618–619, que aunque la notificación dentro del término fijado para presentar la moción no es de carácter jurisdiccional, sí es de cumplimiento estricto. La notificación le brinda la oportunidad a las otras partes del caso a expresarse, si así lo desean, y les alerta sobre la posibilidad de que el término jurisdiccional para presentar el recurso de revisión sea interrumpido. Recientemente la Asamblea Legislativa enmendó la Regla 47 de Procedimiento Civil,

32 L.P.R.A. Ap. III, a los efectos de atemperarla a nuestros pronunciamientos en *Lagares v. E.L.A.*, supra. Ley Núm. 268 de 16 de noviembre de 2002. De acuerdo con la enmienda a la citada Regla 47, existe un término de quince días de cumplimiento estricto para notificar una moción de reconsideración a las demás partes en el pleito.

■ A diferencia de un término jurisdiccional, un término de cumplimiento estricto se puede extender. Sin embargo, esto se puede hacer solamente cuando la parte que lo solicita *demuestra* justa causa para la tardanza. La acreditación de justa causa se hace con explicaciones concretas y particulares —debidamente evidenciadas en el escrito— que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa. *Rojas v. Axtmayer Ent., Inc.*, 150 D.P.R. 560 (2000); *Arriaga v. F.S.E.*, 145 D.P.R. 122, 132 (1998); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 D.P.R. 651, 657 (1997).

■ En anteriores ocasiones hemos incorporado al ámbito administrativo normas aplicables a los litigios civiles. Así, en *Rodríguez Rivera v. Autoridad de Carreteras*, 110 D.P.R. 184, 187 (1980), al analizar la citada Regla 47 de Procedimiento Civil, definimos qué comprende el acto judicial de "tomar 'alguna determinación al considerar la moción [de reconsideración]' ".([2]) A esos efectos, establecimos:

> Es evidente, por disponerlo así la propia regla, que si el tribunal la rechaza con un mero no ha lugar, sin oír a las partes, se considera que la moción fue rechazada de plano. Ahora bien, si señala una vista para oír a las partes, o se dirige a la parte adversa para que exponga su posición por escrito, o funda-

---

([2]) Es menester recordar que, de acuerdo con las Reglas de Procedimiento Civil, la moción de reconsideración no siempre interrumpe el término para acudir en alzada. Por el contrario, en el ámbito administrativo, esta moción, presentada oportunamente, siempre tiene el efecto de interrumpir el término para solicitar revisión.

menta su resolución declarando sin lugar la moción, se tendrá por interrumpido el término para apelar o solicitar revisión. *Rodríguez Rivera v. Autoridad de Carreteras*, supra, pág. 187.

Conforme expresáramos en el citado caso, estas actuaciones no agotan la lista de "determinaciones demostrativas de que el tribunal ha acogido la moción de reconsideración". *Rodríguez Rivera v. Aut. de Carreteras*, supra, pág. 187.

█ De otra parte, en *Ortiz v. Adm. Sist. de Retiro Emp. Gob.*, 147 D.P.R. 816 (1999), aplicamos esa norma a la Sec. 3.15 de la L.P.A.U., *supra*, que regula la moción de reconsideración en el ámbito administrativo.[3] Aunque la Regla 47 de Procedimiento Civil, *supra*, tiene sus notables diferencias con la Sec. 3.15 de la L.P.A.U., *supra*, consideramos que aplicar esa norma a esta sección era compatible con su filosofía y con sus propósitos.

█ Igualmente, entendemos que la norma establecida en *Lagares v. E.L.A.*, supra, págs. 617–618, en cuanto a que el término para notificar una moción de reconsideración a las demás partes es de cumplimiento estricto y que ésta debe notificarse dentro del término que establece la Sec. 3.15 de la L.P.A.U., *supra*, para presentar la reconsideración, es compatible con el procedimiento administrativo. Por lo tanto, extendemos la aplicación de esta norma a la reconsideración administrativa de la Sec. 3.15 de la L.P.A.U., *supra*.[4]

---

[3] Antes de la vigencia de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, habíamos aplicado la referida norma de *Rodríguez Rivera v. Autoridad de Carreteras*, 110 D.P.R. 184 (1980), a la ley orgánica del Departamento de Asuntos del Consumidor.

[4] Huelga decir que aunque lo ideal es que la moción de reconsideración se notifique a la parte contraria el mismo día en que se presenta ante la consideración del tribunal o de la agencia administrativa, lo importante es que se notifique dentro del término de cumplimiento estricto establecido por ley para su presentación.

## III

En el caso de autos, los esposos Shames-Febles no notificaron a la parte adversa, Romar Pool, la moción de reconsideración *dentro del término* que establece la Sec. 3.15 de la L.P.A.U., *supra*, para presentarla. Como señaláramos anteriormente, los esposos Shames-Febles alegaron que habían notificado la moción de reconsideración a uno de los abogados de Romar Pool cuatro días después de vencido el término para reconsiderar. Para justificar la tardanza, alegaron que por haber comparecido por derecho propio, desconocían de los tecnicismos procesales con los que había que cumplir en estos casos. Plantearon, a su vez, que tal defecto de notificación no afectó a la parte peticionaria, Romar Pool, ya que D.A.Co. no tomó determinación alguna sobre la moción de reconsideración que ellos presentaron.

En primer lugar, es necesario aclarar que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales. Al igual que en el pasado quisimos evitar que litigantes perdidosos postergaran indefinidamente la adjudicación final y firme de los casos con la presentación de una moción de reconsideración, ahora debemos evitar que las partes utilicen la comparecencia por derecho propio como subterfugio para no cumplir con las normas procesales, especialmente aquellas que establecen términos jurisdiccionales o de cumplimiento estricto.[5]

De otra parte, nos llama la atención el hecho de que todos los escritos que presentaron los esposos Shames-Febles antes de la moción de reconsideración los suscribió un abogado y los notificaron adecuadamente. Además, en el propio escrito de reconsideración los esposos Shames-Febles certificaron que se había notificado a la otra parte.

---

[5] Esto puede ocurrir, entre otras maneras, cuando los escritos los redactan abogados y los suscriben las partes "por derecho propio", tratando así de evitar la aplicación de algún término jurisdiccional.

Ciertamente, lo anterior no denota una falta de conocimiento de parte de los esposos Shames-Febles en cuanto al deber de notificar el escrito de reconsideración a las demás partes.

Por otro lado, el argumento de que el foro administrativo no actuó sobre la moción de reconsideración y que, por lo tanto, la parte peticionaria, Romar Pool, no se afectó por la falta de notificación, resulta un argumento sencillamente inaceptable. La presentación oportuna de una moción de reconsideración ante una agencia administrativa, aun cuando sea rechazada de plano, afecta el término que tienen las partes para presentar el recurso de revisión ante el Tribunal de Circuito. Además, la falta de notificación de una moción de reconsideración, por sí sola, independientemente del hecho de que un foro actúe o no sobre ésta, priva a las partes de expresarse, en caso de estimarlo conveniente.

Ahora bien, en vista de que extendemos por primera vez al ámbito administrativo la norma establecida en *Lagares v. E.L.A.*, supra, en cuanto a que el promovente de una moción de reconsideración debe notificar a la parte contraria dentro del término dispuesto en ley y que eso constituye un requisito de cumplimiento estricto, aplicaremos prospectivamente la norma que hoy establecemos. Así, pues, aunque por fundamentos distintos, *confirmamos la Resolución de 16 de noviembre de 2000 del Tribunal de Circuito y devolvemos el caso a éste para que continúen los procedimientos.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez no intervino.