EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Magali Febles, et al.<br><br>Recurridos<br><br>v.<br><br>Romar Pool Construction<br><br>Peticionario | Certiorari<br><br>2003 TSPR 113<br><br>159 DPR _____ |

Número del Caso: CC-2000-1069

Fecha: 30 de junio de 2003

Tribunal de Circuito de Apelaciones:
                    Circuito Regional I

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano y
los Jueces Aponte Jiménez y González Román

Abogado de la Parte Peticionaria:
                    Lcdo. Miguel A. Eliza Rivera

Abogado de la Parte Recurrida:
                    Lcdo. Catalino Soto Hestres

Materia: Revisión Procedente del Departamento de Asuntos
        del Consumidor

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del
proceso de compilación y publicación oficial de las decisiones
del Tribunal. Su distribución electrónica se hace como un
servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Magali Febles, *et al.*

    Recurridos

       v.

                              CC-2000-1069

Romar Pool Construction

    Peticionario

PER CURIAM

San Juan, Puerto Rico a 30 de junio de 2003

Este caso nos brinda la oportunidad de extender al ámbito administrativo, de manera prospectiva, la filosofía procesal de notificación de la moción de reconsideración que establecimos en <u>Lagares v. E.L.A.,</u> 144 D.P.R. 601 (1997).

I

El Sr. Mike Shames y la Sra. Magali Febles, casados entre sí, contrataron a Romar Pool Construction (en adelante Romar Pool) para unos

trabajos de instalación de piscina en su residencia.

Alegando incumplimiento de contrato y defectos de construcción, los esposos Shames-Febles presentaron una querella contra Romar Pool ante el Departamento de Asuntos del Consumidor (en adelante D.A.C.O.). Luego de varias vistas administrativas, D.A.C.O. emitió una resolución en la cual ordenó a Romar Pool pagar a los esposos Shames-Febles la cantidad de seis mil doscientos sesenta y nueve dólares ($6,269.00), por concepto de incumplimiento de contrato, así como los intereses legales correspondientes a partir del vencimiento del plazo concedido para cumplir con la resolución.

Inconformes con la determinación de D.A.C.O., los esposos Shames-Febles presentaron, por derecho propio, una moción de reconsideración. En ésta certificaron haber enviado copia de la misma a la representación legal de Romar Pool. D.A.C.O. no se expresó sobre la moción de reconsideración, por lo que se entendió rechazada de plano. Dentro del término que dispone la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. § 2172 (en adelante L.P.A.U.), para la revisión judicial luego de presentada una moción de reconsideración, los esposos Shames-Febles presentaron un escrito de revisión ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito).

Luego de recibir copia de dicho escrito, Romar Pool presentó una moción de desestimación alegando falta de jurisdicción por haberse presentado la revisión ante el Tribunal de Circuito pasado el término de treinta (30) días que establece la L.P.A.U. Romar Pool alegó que entró en conocimiento de que los esposos Shames-Febles habían solicitado reconsideración ante D.A.C.O. cuando leyeron ese dato en el escrito de revisión. Alegó que nunca se le notificó la moción de reconsideración y que, al no haberse perfeccionado dicho escrito ante la agencia, se debía entender como no presentado y, por lo tanto, los términos para acudir en revisión nunca fueron interrumpidos. El Tribunal de Circuito le concedió un término a los esposos Shames-Febles para expresarse sobre la moción de desestimación. Éstos comparecieron y alegaron que habían notificado la moción de reconsideración a uno de los abogados de Romar Pool cuatro (4) días después de presentar la moción ante D.A.C.O.[1] Además, expresaron dos (2) razones por las que entendían no procedía desestimar el recurso: (1) que habían comparecido ante D.A.C.O. por derecho propio y desconocían los aspectos técnicos procesales; y (2) que

_____

[1] Para sustentar su alegación, acompañaron una declaración jurada de la Sra. Magali Febles y otra de la secretaria personal de ésta, al efecto de que el 24 de julio de 2000, cuatro (4) días después de presentar la moción de reconsideración ante D.A.C.O., se envió copia de la misma por servicio de mensajero a la oficina del Lcdo. Luis Rivera Martínez, uno de los abogados de Romar Pool, y de que una persona de nombre María A. Rivera recibió dicho escrito.

el foro administrativo no tomó acción sobre la moción de reconsideración y, por lo tanto, no tuvo efecto negativo alguno contra Romar Pool.

El Tribunal de Circuito acogió el planteamiento de los esposos Shames-Febles y el 16 de noviembre de 2000 dictó una Resolución mediante la cual declaró sin lugar la moción de desestimación de Romar Pool.

Inconforme con esa resolución, la peticionaria Romar Pool acudió ante nos haciendo los siguientes señalamientos de error:

1. Erró el Tribunal de Circuito al concluir que es justa causa para dejar de notificar la moción de reconsideración el que los esposos Shames-Febles hayan comparecido por derecho propio.

2. Erró el Tribunal de Circuito al concluir que es justa causa para dejar de notificar la moción de reconsideración el que no tuvo efecto negativo contra Romar Pool.

II

La Sec. 3.15 de L.P.A.U., 3 L.P.R.A. § 2165, establece que "[l]a parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden". De entrada, resulta imperativo recalcar la importancia de la filosofía procesal de la moción de reconsideración plasmada por este Tribunal en el caso

Lagares v. E.L.A., *supra*. La moción de reconsideración funge como mecanismo para que el tribunal sentenciador pueda modificar su fallo siempre y cuando tenga jurisdicción para ello. Del historial y análisis procesal de la moción de reconsideración que se hace en Lagares v. E.L.A., *supra*, se desprende claramente que los factores principales que le dan razón de ser a las normas procesales referentes a la moción de reconsideración son: (1) evitar la utilización de tácticas dilatorias por parte de litigantes perdidosos; y (2) ofrecer cierta estabilidad jurisdiccional en los casos, esto es, tener más seguridad de cuándo verdaderamente un término jurisdiccional, como lo es el de la revisión, está próximo a vencer.

En cuanto a la notificación de la moción de reconsideración, determinamos en Lagares v. E.L.A., *supra*, págs. 618-619, que aunque la notificación dentro del término fijado para presentar la moción no es de carácter jurisdiccional, sí es de cumplimiento estricto. La notificación le brinda la oportunidad a las otras partes del caso a expresarse, si así lo desean, y les alerta sobre la posibilidad de que el término jurisdiccional para presentar el recurso de revisión sea interrumpido. Recientemente la Asamblea Legislativa enmendó la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, a los efectos de atemperar dicha Regla a nuestros pronunciamientos en Lagares v. E.L.A., *supra*.

Ley Núm. 268 de 16 de noviembre de 2002. De acuerdo con la enmienda a la Regla 47, existe un término de quince (15) días de cumplimiento estricto para notificar una moción de reconsideración a las demás partes en el pleito.

A diferencia de un término jurisdiccional, un término de cumplimiento estricto se puede extender. Sin embargo, esto se puede hacer solamente cuando la parte que lo solicita **demuestra** justa causa para la tardanza. La acreditación de justa causa se hace con explicaciones concretas y particulares, debidamente evidenciadas en el escrito, que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o demora. Las vaguedades y las excusas o planteamientos estereotipados no cumplen con el requisito de justa causa. Rojas Lugo v. Axtmayer Enterprises, Inc., res. el 21 de marzo de 2000, 2000 J.T.S. 59, pág. 867; Arriaga Rivera v. F.S.E., 145 D.P.R. 122, 132 (1998); Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 657 (1997).

En anteriores ocasiones hemos incorporado al ámbito administrativo normas aplicables a los litigios civiles. Así, en Rodríguez Rivera v. Autoridad de Carreteras, 110 D.P.R. 184 (1980), al analizar la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, definimos qué comprende el acto judicial de "tomar alguna

determinación al considerar la moción [de reconsideración]".[2] A esos efectos, establecimos:

> Es evidente, por disponerlo así la propia regla, que si el tribunal la rechaza con un mero no ha lugar, sin oír a las partes, se considera que la moción fue rechazada de plano. Ahora bien, si señala una vista para oír a las partes, o se dirige a la parte adversa para que exponga su posición por escrito, o fundamenta su resolución declarando sin lugar la moción, se tendrá por interrumpido el término para apelar o solicitar revisión. Rodríguez Rivera v. Aut. de Carreteras, *supra*, pág. 187.

Conforme expresáramos en el citado caso, estas actuaciones no agotan la lista de "determinaciones demostrativas de que el tribunal ha acogido la moción de reconsideración". *Id.*

De otra parte, en Ortiz v. Adm. Sist. de Retiro Emp. Gob., 147 D.P.R. 816 (1999), aplicamos dicha norma a la Sec. 3.15 de la L.P.A.U., 3 L.P.R.A. § 2165, que regula la moción de reconsideración en el ámbito administrativo.[3] Aunque la Regla 47 de Procedimiento Civil tiene sus notables diferencias con la Sec. 3.15 de la L.P.A.U., *supra*, entendimos que la aplicación de esa

---

[2] Es menester recordar que, de acuerdo con las Reglas de Procedimiento Civil, la moción de reconsideración no siempre interrumpe el término para acudir en alzada. Por el contrario, en el ámbito administrativo dicha moción, presentada oportunamente, siempre tiene el efecto de interrumpir el término para solicitar revisión.

[3] Antes de la vigencia de la L.P.A.U., habíamos aplicado la referida norma de Rodríguez Rivera v. Autoridad Carreteras, *supra*, a la ley orgánica de D.A.C.O.

norma a esta sección era compatible con su filosofía y propósitos.

Igualmente, entendemos que la norma establecida en Lagares v. E.L.A., *supra*, págs. 617-618, en cuanto a que el término para notificar una moción de reconsideración a las demás partes es uno de cumplimiento estricto y que ésta debe notificarse dentro del término que establece la Sec. 3.15 de la L.P.A.U., *supra*, para presentar la reconsideración, es compatible con el procedimiento administrativo. Por lo tanto, extendemos la aplicación de dicha norma a la reconsideración administrativa de la Sec. 3.15 de la L.P.A.U., *supra*.[4]

III

En el caso de autos, los esposos Shames-Febles no notificaron a la parte adversa, Romar Pool, la moción de reconsideración **dentro del término** que establece la Sec. 3.15 de la L.P.A.U., *supra*, para presentar dicha moción. Como señaláramos anteriormente, los esposos Shames-Febles alegaron que habían notificado la moción de reconsideración a uno de los abogados de Romar Pool cuatro (4) días después de vencido el término para

---

[4]    Huelga decir que aunque lo ideal es que la moción de reconsideración se notifique a la parte contraria el mismo día en que se presente ante la consideración del tribunal o de la agencia administrativa, lo importante es que la misma se notifique dentro del término de cumplimiento estricto establecido por ley para su presentación.

reconsiderar. Justificaron la tardanza alegando que por haber comparecido por derecho propio desconocían de los tecnicismos procesales con los que había que cumplir en estos casos. Plantearon a su vez que tal defecto de notificación no afectó a la parte peticionaria, Romar Pool, ya que D.A.C.O. no tomó determinación alguna sobre la moción de reconsideración presentada por ellos.

En primer lugar, es necesario aclarar que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica el incumplimiento de éstas con las reglas procesales. Al igual que en el pasado quisimos evitar que litigantes perdidosos postergaran indefinidamente la adjudicación final y firme de los casos con la presentación de una moción de reconsideración, ahora debemos evitar que las partes utilicen la comparecencia por derecho propio como subterfugio para no cumplir con las normas procesales, especialmente aquellas que establecen términos jurisdiccionales o de cumplimiento estricto.[5]

De otra parte, nos llama la atención el hecho de que todos los escritos presentados por los esposos Shames-Febles antes de la moción de reconsideración fueron suscritos por un abogado y notificados adecuadamente. Además, en el propio escrito de reconsideración los esposos Shames-Febles certificaron que el mismo se había

---

[5] Esto puede ocurrir, entre otras maneras, cuando los escritos los redactan abogados y los suscriben las partes "por derecho propio", tratando así de evitar la aplicación de algún término jurisdiccional.

notificado a la otra parte. Ciertamente, lo anterior no denota una falta de conocimiento de parte de los esposos Shames-Febles en cuanto al deber de notificar el escrito de reconsideración a las demás partes.

Por otro lado, el argumento de que el foro administrativo no actuó sobre la moción de reconsideración y que, por lo tanto, la parte peticionaria, Romar Pool, no se afectó por la falta de notificación resulta un argumento sencillamente inaceptable. La presentación oportuna de una moción de reconsideración ante una agencia administrativa, aun cuando la misma sea rechazada de plano, afecta el término que tienen las partes para presentar el recurso de revisión ante el Tribunal de Circuito. Además, la falta de notificación de una moción de reconsideración, por sí sola, independientemente del hecho de que un foro actúe o no sobre ésta, priva a las partes de expresarse, en caso de estimarlo conveniente.

Ahora bien, en vista de que extendemos por primera vez al ámbito administrativo la norma establecida en Lagares v. E.L.A., *supra*, en cuanto a que el promovente de una moción de Reconsideración debe notificar a la parte contraria dicha moción dentro del término dispuesto en ley y que ello constituye un requisito de cumplimiento estricto, aplicaremos prospectivamente la norma que hoy establecemos. Así, pues, aunque por fundamentos distintos, confirmamos la resolución de 16

de noviembre de 2000 del Tribunal de Circuito y devolvemos el caso a éste para que continúen los procedimientos.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Magali Febles, *et al.*

    Recurridos

      v.

                           CC-2000-1069

Romar Pool Construction

    Peticionario


SENTENCIA


San Juan, Puerto Rico a 30 de junio de 2003


    Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se confirma la Resolución de 16 de noviembre de 2000 del Tribunal de Circuito de Apelaciones y se devuelve el caso para que continúen los procedimientos.

    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.


                 Patricia Otón Olivieri
            Secretaria del Tribunal Supremo