EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Estado Libre Asociado de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>P.M.C. Marketing Corp. H/N/C Farmacias El Amal, et al.<br><br>Peticionarios | Certiorari<br><br>2004 TSPR 201<br><br>163 DPR \_\_\_\_ |

Número del Caso: CC-2002-741

Fecha: 14 de diciembre de 2004

Tribunal de Circuito de Apelaciones:

Circuito Regional V

Juez Ponente:

Hon. Mildred G. Pabón Charneco

Abogada de la Parte Peticionaria:

Lcda. Diana Azizi de Arbona

Oficina del Procurador General:

Lcda. Laura Lis López Roche
Procuradora General Auxiliar

Materia: Revisión Administrativa procedente del Departamento de Asuntos del Consumidor

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Estado Libre Asociado de
Puerto Rico

    Recurrido

       vs.                           CC-2002-741      CERTIORARI

P.M.C. Marketing Corp. H/N/C
Farmacias El Amal, *et al.*

    Peticionarios

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 14 de diciembre de 2004

Los días 16 y 18 de septiembre de 1998, el Departamento de Justicia radicó diecinueve (19) querellas ante el Departamento de Asuntos del Consumidor (en adelante D.A.C.O.) contra P.M.C. Marketing Corp. H/N/C Farmacias El Amal y Saleh Yassin, Aida Yassin y Mohammad Yassin en su carácter personal y como directivos y oficiales de la corporación antes mencionada (en adelante PMC Marketing).

En las mismas, el Departamento de Justicia alegó que, durante varios domingos y días feriados entre el 19 de noviembre de 1994 y el 17 de agosto de 1997, y en otra ocasión, el 2 de noviembre de 1997, varios agentes del Negociado

de Investigaciones Especiales del Departamento de Justicia compraron ciertos artículos en las Farmacias El Amal cuya venta, en el horario en que fueron adquiridos, estaba prohibida por ley.

Se le imputó a los querellados haber violado las disposiciones de la Ley Núm. 1 de 1 de diciembre de 1989, según enmendada, conocida como la "Ley para Regular las Operaciones de Establecimientos Comerciales" o "Ley de Cierre", 29 L.P.R.A. sec. 301 *et seq.*; la Ley Núm. 77 de 25 de junio de 1964, según enmendada, conocida como la "Ley de Monopolios", 10 L.P.R.A. sec. 257 *et seq.*; y el Reglamento sobre Competencia Justa Número VII de 29 de mayo de 1980, Expediente Núm. 2648.[1]

Luego de recibir la prueba presentada por las partes, el D.A.C.O. determinó que las querellas interpuestas estaban prescritas por haber transcurrido más de un año desde la fecha de los alegados hechos hasta la fecha de la radicación de las mismas. En el caso específico de la querella formulada a raíz de lo alegadamente sucedido el 2 de noviembre de 1997 (querella número 100003557 y, posteriormente, caso en apelación KLRA0200139), el

---

[1] El citado reglamento dispone en su Art. V que "[t]oda violación a cualquiera de las disposiciones de este Reglamento estará sujeta a las sanciones y acciones conforme al Artículo 3 de la Ley Núm. 77 de 25 de junio de 1964, según enmendada". Por ser esta disposición reglamentaria, al menos en su carácter punitivo, una mera referencia a las disposiciones de la Ley de Monopolios, ante, no la mencionaremos en nuestro análisis.

D.A.C.O. desestimó la misma por entender que, aunque fue radicada dentro del término prescriptivo, procedía su desestimación pues, según su interpretación, "la única imputación que se le podría hacer a la parte querellada [al amparo de la Ley de Cierre] es la de no tomar las precauciones necesarias para evitar vender un artículo no exento pero [no le era imputable a PMC Marketing porque] a la fecha de los hechos no existía reglamento alguno que dispusiera las precauciones que se debían tomar para no vender artículos no exentos". (énfasis suplido)

El 28 de enero de 2002, el Estado Libre Asociado de Puerto Rico (E.L.A.) solicitó la reconsideración de la resolución emitida por el D.A.C.O.; la misma se entendió rechazada por el foro administrativo al éste no expresarse en torno a la referida moción dentro del término reglamentario dispuesto para ello.

Inconforme, el E.L.A. recurrió ante el Tribunal de Apelaciones mediante diecinueve solicitudes separadas de revisión, presentadas el 7 de marzo de 2002. Se alegó que el D.A.C.O. había errado al desestimar la causa de acción administrativa instada; esto por entender el E.L.A. que es de aplicación en estos casos el término prescriptivo de cuatro (4) años correspondiente a los procesos penales bajo la Ley de Monopolios. Según el E.L.A., la Ley de Cierre expresamente establece que las acciones administrativas se tramitarán a tenor con lo dispuesto en la Ley de Monopolios.

En el caso particular de la Solicitud de Revisión de la Resolución del D.A.C.O. en cuanto a la querella número 100003557, el E.L.A. alegó que la agencia administrativa erró al desestimar la querella bajo el fundamento de que vender artículos no exentos bajo la Ley Núm. 1, ante, no constituye una violación a la misma.

El 20 de marzo de 2002, PMC Marketing radicó ante el foro apelativo intermedio una "Moción en Oposición a Solicitud de Revisión por Falta de Jurisdicción". Alegó, en síntesis, que el Tribunal de Apelaciones carecía de jurisdicción por haberse radicado el recurso cincuenta y siete (57) días después de haberse emitido la resolución apelada. Sostuvo que no existía evidencia clara de que la moción de reconsideración hubiera sido radicada ante el D.A.C.O. dentro del término reglamentario requerido y que, asumiendo que ello así hubiera sido, nunca se notificó a PMC Marketing de la presentación de la misma; razón por la cual la referida moción de reconsideración, de haber sido en efecto radicada, no interrumpió el término jurisdiccional para acudir, en revisión, ante el Tribunal de Apelaciones. El Tribunal de Apelaciones declaró sin lugar la solicitud de desestimación de PMC Marketing.[2]

---

[2] Según expuso, posteriormente, el Tribunal de Apelaciones en la nota al calce núm. 3 de su Sentencia de 28 de junio de 2002, "[se sometió] prueba ante este Tribunal que [sic] dicha solicitud de reconsideración había sido notificada por correo a los recurridos" y "[e]n su consecuencia, [el Tribunal de Apelaciones declaró] No Ha Lugar la petición [de desestimación]de los recurridos".

El 28 de junio de 2002, el referido foro apelativo dictó sentencia. Mediante la misma revocó la resolución del D.A.C.O., por entender que el término prescriptivo para las causas de acción como las de autos es de cuatro (4) años y no de uno (1) como indicó el foro administrativo. En cuanto a la decisión del D.A.C.O. sobre la querella número 100003557 (Caso KLRA0200139), el foro apelativo intermedio también revocó el dictamen de la agencia administrativa por entender que la disposición legislativa pertinente, si bien exige la toma de medidas de precaución por parte del comerciante para evitar el acceso del público a productos no exentos durante horas determinadas, exige también que las farmacias se abstengan de vender los productos no exentos.

Inconforme con la sentencia emitida por el Tribunal de Apelaciones, la parte querellada recurrida PMC Marketing radicó oportunamente una Petición de Certiorari ante nos en la que alegó que el tribunal apelativo intermedio incidió al:

> ...asumir jurisdicción y resolver que los querellados recurrentes mostraron suficiente prueba para concluir que en efecto radicaron una Moción de Reconsideración que interrumpió el término el término de treinta (30) días que tenía la parte querellante-recurrente para solicitar el Recurso de Revisión.

> ...revocar la Resolución del D.A.C.O. y resolver que las querellas de marras no estaban prescritas toda vez que el término prescriptivo aplicable a las acciones administrativas era de cuatro (4) años y no de un (1) año, como había resuelto el D.A.C.O.

...revocar al D.A.C.O. en el Recurso KLRA0200139 y resolver que la sola venta de un artículo no exento durante un período de cierre constituye una violación a la Ley de Cierre sin importar las medidas de precaución que tome la empresa exenta, su política institucional, la estrategia empleada por el agente investigador para adquirir dicho producto y la ausencia de un Reglamento de Precauciones.

Expedimos el recurso. Contando con la comparecencia de las partes, y estando en posición de resolver el mismo, procedemos a así hacerlo.

I

Por razones obvias, resulta forzoso examinar, en primer lugar, la controversia relativa a la alegada falta de jurisdicción del Tribunal de Apelaciones, mencionada en el primer señalamiento de error[3]. Veamos.

---

[3] En Carattini v. Collazo Systems Analysis, Inc, res. el 3 de enero de 2003, 2003 T.S.P.R. 1, expresamos:

Las cuestiones de jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia. De carecer un tribunal de jurisdicción, lo único que puede hacer es así declararlo y desestimar el caso. Vega Rodríguez v. Telefónica, res. el 17 de abril de 2002, 2002 TSPR 50. [...]

[U]n recurso tardío sencillamente adolece del grave e insubsanable efecto de privar de jurisdicción al tribunal al cual se recurre. Juliá Padró v. Vidal, ante; Hernández v. Marxuach Construction Co., 142 D.P.R. 492 (1997). Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues ya en el momento de su presentación no hay autoridad judicial para acogerlo. Ibíd. Sobre el concepto medular de jurisdicción se sostiene toda la vitalidad y autoridad de los tribunales

**(Continúa . . .)**

A.

La Regla 30 de las de Procedimiento Adjudicativo del D.A.C.O., <u>vigente al momento de los hechos de este caso</u>, Reglamento 5416 de 24 de abril de 1996, <u>disponía</u>, en lo aquí pertinente, que:

> 30.1 La parte adversamente afectada por una resolución u orden parcial interlocutoria o final podrá, dentro del termino [sic] de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano <u>o no actuare dentro de los quince (15) días, el terminó [sic] para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince días</u>, según sea el caso [...]

> 30.2 <u>La moción de reconsideración será jurisdiccional para poder solicitar la revisión judicial</u> [...]

> 30.4 Una parte no conforme con la resolución de su solicitud de reconsideración podrá solicitar la revisión judicial de la orden cuya reconsideración solicitó, mediante el cumplimiento de los requisitos establecidos por ley.

> 30.5 La radicación de una solicitud de revisión judicial suspenderá los efectos de una resolución final del Departamento, pero no los de una orden interlocutoria, a menos que el tribunal disponga otra cosa. *Ibíd.* (énfasis suplido).

---

en nuestro sistema de gobierno. <u>Empress Hotel</u> v. <u>Acosta</u>, ante. Cuando un tribunal dicta una sentencia sin tener jurisdicción sobre las partes o la materia su decreto es uno jurídicamente inexistente. *Ibíd.*

Respecto a la solicitud de revisión judicial, el Art. 3(d) de la Ley de Monopolios, ante, dispone que:

> [l]a Oficina de Asuntos Monopolísticos o la parte querellada cuando estén afectados por una decisión del Departamento de Asuntos del Consumidor tendrán derecho a la revisión [...] dentro de los treinta (30) días a partir de la fecha de la notificación de la referida decisión. 33 L.P.R.A. sec. 259.

A la luz del claro mandato contenido en las disposiciones antes transcritas, resulta evidente que la radicación de una solicitud de reconsideración _era_ un requisito de carácter jurisdiccional antes de que se pudiera acudir, en revisión de una resolución del D.A.C.O., ante el foro judicial.[4]

Por otro lado, la Regla 29 de las de Procedimiento Adjudicativo del D.A.C.O., ante --también vigente al

---

[4] El referido Reglamento 5416 fue sustituido por el Reglamento de Procedimiento Adjudicativo del D.A.C.O. de 18 de octubre de 2000, expediente Núm. 6219, hoy vigente. Entre otras enmiendas, _el nuevo reglamento eliminó lo dispuesto en el reglamento anterior respecto al carácter jurisdiccional de la Moción de Reconsideración (R. 30.2 del reglamento derogado)_. El nuevo reglamento, en su regla 28 sobre "reconsideración y revisión judicial" nada dispone al respecto, por lo que, al regir supletoriamente la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2101 y ss., la presentación de la moción de reconsideración ante la agencia _ya no es un requisito jurisdiccional para recurrir a los tribunales_. Véase: _Aponte v. Policía de Puerto Rico_, 142 D.P.R. 75, 81-82 (1996). Véase, además, Demetrio Fernández Quiñones, _Derecho administrativo y Ley de Procedimiento Administrativo Uniforme_, 2da. Ed., Editorial Forum, 2001, pág. 482.

momento de los hechos del presente caso--[5], en lo aquí pertinente, disponía que:

> Toda parte que radique un escrito ante el Departamento [de Asuntos del Consumidor] vendrá obligado a notificarlo de inmediato a las demás partes que hayan comparecido en el procedimiento administrativo[...] Toda notificación se hará el mismo día de radicación[...] y se llevará a cabo mediante el envío de una copia del escrito por correo a las partes o sus representantes, a las direcciones postales que hayan informado. La notificación por correo puede ser sustituida por notificación personal o por transmisión electrónica. (énfasis suplido).

Tenemos, en consecuencia, que la exigencia reglamentaria impuesta a cualquier parte --de notificar a las demás partes de todo escrito radicado ante la agencia administrativa-- incluía la notificación de la radicación de una moción de reconsideración. Este requisito, de notificación, en ausencia de una disposición expresa al efecto --como sucede en el caso de autos--, es de cumplimiento estricto. Véase: Lagares v. E.L.A., 144 D.P.R. 601 (1997) y Febles v. Romar Pool Construction, res. el 30 de junio de 2003, 2003 TSPR 113.

¿Resolvió, correcta y apropiadamente, el Tribunal de Apelaciones el planteamiento de falta de jurisdicción que le hiciera PMC Marketing? Entendemos que no; veamos porque.

---

[5] Esta regla fue sustituida por la Regla 27 del nuevo reglamento núm. 6219, ante. No obstante, el contenido de ambas reglas, en cuanto al requisito de notificación de los escritos de las partes es prácticamente idéntico.

B.

Según surge de los hechos del presente caso, el D.A.C.O. emitió su resolución, para cada querella radicada, el 9 de enero de 2002, notificándola el mismo día. El 28 de enero del mismo año, el E.L.A. alegadamente solicitó la reconsideración de la resolución al foro administrativo, sin que este foro actuare dentro del término reglamentario de quince (15) días dispuesto para ello.

El 7 de marzo, el E.L.A. presentó el recurso de apelación ante el Tribunal de Apelaciones, esto es, cincuenta y siete (57) días después de la notificación de la resolución y ventiocho (28) días después de la expiración del término de quince (15) días con que contaba el D.A.C.O. para actuar sobre la solicitud de reconsideración. La recurrida PMC Marketing se opuso al recurso de revisión radicado ante el Tribunal de Apelaciones <u>por entender que el recurso había sido radicado a destiempo ante el Tribunal de Apelaciones por razón de que la moción de reconsideración nunca fue radicada ante el D.A.C.O. y/o por el fundamento de que, aún cuando dicha moción hubiera sido radicada, la misma nunca le fue notificada; razón por la cual nunca se interrumpió el término para la presentación de la apelación.</u>

En apoyo de su planteamiento, PMC Marketing radicó declaraciones juradas de sus dos abogados. En primer

lugar, sometió declaración jurada de la Lcda. Diana Azizi de Arbona, la que asegura, bajo juramento, "haber examinado personalmente todos los expedientes que constan en el D.A.C.O." y que no encontró allí ninguna "moción de reconsideración presentada por el Estado Libre Asociado de Puerto Rico ni ninguna otra moción luego de emitida la Resolución el 9 de enero de 2002". Aseguró bajo juramento, además, la referida abogada, no haber recibido moción de reconsideración alguna de parte del E.L.A. (énafasis suplido).

PMC Marketing presentó, además, la declaración jurada de otro de sus abogados, el Lcdo. Marcos A. Morell Corrada, en la que éste asegura "nunca [haber] recibido por medio alguno, notificación de que el Departamento de Justicia, sus dependencias u oficinas ha[yan] radicado [alguna] solicitud de reconsideración ante el Departamento de Asuntos del Consumidor en las querellas mencionadas en el inciso anterior" y "que personalmente [fue] al Departamento de Asuntos del Consumidor el día 18 de marzo de 2002 y examin[ó] los récords oficiales de las querellas de marras y en ninguna de las mismas aparece evidencia alguna que sostenga que el Departamento de Justicia o sus dependencias haya radicado una solicitud de reconsideración". (énfasis suplido).

Por su parte, el E.L.A., en su "Moción en Oposición a Solicitud de Desestimación del Recurso por Falta de Jurisdicción", indicó que "la Oficina del Procurador

General se comunicó con la Oficina de Asuntos Monopolísticos, quienes aseguran haber enviado copia del escrito de reconsideración al Lcdo. Morell y a la Lcda. Azizi el mismo día en que se presentó el escrito ante D.A.C.O.". Alegó también, que aunque enviaron la copia por correo, el Reglamento del D.A.C.O. permite que las notificaciones de esta índole sean sustituidas por la notificación personal o electrónica.

El E.L.A., en apoyo a su contención, sometió las declaraciones juradas de las licenciadas Judith Martínez Fortier e Irma Rodríguez Justiniano y de la Sra. Martha Marrero Rivera. La Lcda. Martínez declaró haber redactado la Moción de Reconsideración y que en la misma se señala expresamente que se notificó por escrito al Lcdo. Morell y a la Lcda Azizi a sus respectivas direcciones. Declaró, además, que se gestionó el envio de las copias de la moción <u>a todas las partes</u> y que, al momento de prestar su declaración, no había recibido ninguna de las notificaciones devueltas por el correo. La señora Marrero declaró, por su parte, haber enviado por correo las copias de la moción de reconsideración a los abogados de la querellada y la Lcda. Rodríguez declaró de similar manera.

Como vemos, el Tribunal de Apelaciones tuvo ante su consideración varias declaraciones juradas traídas por una y otra parte, atestiguando la notificación de la moción de reconsideración o la ausencia de ésta. <u>Ninguna otra prueba fue presentada al efecto</u>. <u>Es entonces cuando, con este</u>

limitado cuadro evidenciario, y aparentemente adjudicando mayor credibilidad a unas declaraciones juradas que a otras, el Tribunal de Apelaciones juzgó probado el hecho de que la solicitud de Reconsideración sí fue radicada ante el D.A.C.O. y notificada por correo a PMC Marketing. En consecuencia, declaró sin lugar la petición de esta última para que se desestimara el recurso por falta de jurisdicción.

Por la naturaleza de la controversia que en este caso tuvo ante sí el Tribunal de Apelaciones --si se realizaron o no determinadas gestiones-- resulta evidente que se trata de un asunto de credibilidad. No obstante, el Tribunal de Apelaciones emitió su decisión tomando en consideración únicamente el testimonio jurado, por escrito, de dos abogados que aseguraban no haber recibido notificación alguna de la moción de reconsideración en controversia y las declaraciones juradas de dos abogados y una secretaria que daban fe de lo contario.

La determinación del tribunal apelativo constituyó, ciertamente, una determinación sumaria sobre un asunto en controversia con respecto al cual las partes sometieron versiones incompatibles entre sí. Hemos expresado en ocasiones anteriores que hay litigios y controversias que, por su naturaleza, no hacen deseable o aconsejable que los mismos se resuelvan sumariamente; ello debido a que difícilmente en tales casos el tribunal puede reunir ante sí toda la verdad de los hechos a través de declaraciones

juradas o deposiciones, esto es, controversias en las que el factor credibilidad juega un papel esencial, si no el decisivo, para llegar a la verdad. Véase: Ortiz v. Nationwide Mutual Insurance Co., res. el 4 de marzo de 2003, 2003 T.S.P.R. 32; Soto v. Hotel Caribe Hilton, 137 D.P.R. 294, 301.

Debemos aclarar que si bien en el presente caso no estamos ante la figura de la sentencia sumaria propiamente dicha, sí concurren en el mismo todos los elementos que hacen aplicable la doctrina reseñada. Esto es, aunque la presente controversia versa sobre un dictamen del Tribunal de Apelaciones en cuanto a su jurisdicción sobre determinado recurso de apelación, es en dicho foro que surgió o nació la controversia con respecto a si determinadas gestiones de radicación y notificación fueron, o no, realizadas.

Ante esta situación particular, los criterios establecidos para las determinaciones judiciales sumarias resultan aplicables a una determinación que "sumariamente" pretenda hacer un tribunal sobre una controversia secundaria surgida dentro de una controversia principal como es la de determinar su jurisdicción.

Ante este cuadro fáctico y jurídico, y sin perder de vista las particularidades del presente caso, resolvemos que el Tribunal de Apelaciones erró al conformarse con la mera presentación de unas declaraciones juradas para dirimir la credibilidad de las partes. Para ello, debió

haber celebrado una vista, al amparo de la Regla 80(A) del Reglamento del Tribunal de Apelaciones de 20 de julio de 2004, 2004 T.S.P.R. 121, y allí, sopesar los argumentos de cada parte, recibir cualquier otra prueba adicional que considerara pertinente, y, más importante aún, "oir y ver declarar a los testigos" que habían suscrito las declaraciones juradas previamente sometidas.[6]

En nuestro criterio, únicamente de esta manera hubiese estado el Tribunal de Apelaciones en posición para adecuadamente resolver las controversias surgidas debido a las posiciones irreconciliables asumidas por las partes y, en consecuencia, si el recurso de revisión judicial fue oportunamente presentado; esto es, resolver si tenía, o no, jurisdicción para atender la referida solicitud de revisión judicial.[7]

---

[6] En ocasiones anteriores hemos dicho que la determinación de credibilidad del tribunal sentenciador "es merecedora de gran deferencia por parte del tribunal apelativo por cuanto es ese juzgador quien, de ordinario, está en mejor posición para aquilatar la prueba testifical desfilada ya que él fue quien oyó y vio declarar a los testigos. Véase: Argüello López v. Argüello García, res. el 31 de agosto de 2001, 2001 T.S.P.R. 124; Pueblo v. Bonilla Romero 120 D.P.R. 92 (1987). Por estas mismas razones, claro está, es que se torna inaplicable la doctrina sobre deferencia judicial cuando el tribunal revisado tiene ante su consideración exclusivamente prueba documental o pericial. Véase Sepúlveda v. Departamento de Salud, 145 D.P.R. 560, 573 (1998) y casos allí citados.

[7] Un examen y análisis objetivo de las declaraciones juradas en controversia demuestra que, prima facie, no existen razones o motivos de peso para aceptar, como ciertas, algunas de dichas declaraciones y/o para descartar, como no creíbles, las otras.

Concluimos, en consecuencia, que erró el Tribunal de Apelaciones al asumir jurisdicción sin haber celebrado previamente una vista en la que dirimiera la controversia referente a la falta de radicación y/o notificación de la moción de reconsideración ante la agencia administrativa y la consecuente presentación, oportuna o a destiempo, del recurso de revisión judicial. Hasta tanto el Tribunal de Apelaciones no resuelva esta controversia jurisdiccional, no procede que consideremos las restantes controversias planteadas.

Tomando en consideración lo antes expresado, procede que se devuelva el caso al Tribunal de Apelaciones para que dirima la credibilidad que a su juicio merezcan las contenciones de las partes y, en particular, los testimonios de la señora Marrero y el de los licenciados Azizi, Morell, Martínez y Rodríguez.

III

En mérito de lo antes expuesto procede decretar la revocación de la Sentencia emitida en el presente caso por el Tribunal de Apelaciones y devolver el caso a dicho foro para la continuación de los procedimientos según lo aquí resuelto.

Se dictará Sentencia de conformidad.

FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Estado Libre Asociado de
Puerto Rico

    Recurrido

       vs.                     CC-2002-741      CERTIORARI

P.M.C. Marketing Corp. H/N/C
Farmacias El Amal, *et al.*

    Peticionarios


SENTENCIA

San Juan, Puerto Rico, a 14 de diciembre de 2004


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se dicta Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Apelaciones; devolviéndose el caso a dicho foro para la continuación de los procedimientos según lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita. Los Jueces Asociados señor Corrada del Río y señora Rodríguez Rodríguez inhibidos. El Juez Asociado señor Rivera Pérez no intervino.


María I. Colón Falcón
Subsecretaria del Tribunal Supremo