ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO,<br><br>Recurrida,<br><br>v.<br><br>CARMEN CORALIS ROSADO QUIÑONES,<br><br>Peticionaria. | KLCE202400034 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce.<br><br>Criminal núm.: J BD2019G0033;<br><br>Sobre: Art. 190, robo agravado. |

Panel integrado por su presidente, el juez Bermúdez Torres, la jueza Romero García y el juez Bonilla Ortiz[1].

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de febrero de 2024.

La parte peticionaria, señora Carmen Coralis Rosado Quiñones (señora Rosado), instó el presente recurso por derecho propio el 8 de enero de 2024.

Examinado el recurso, el 29 de enero de 2024, emitimos una *Resolución* mediante la cual le ordenamos que sometiera el formulario intitulado *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia* debidamente cumplimentado, copia del cual le fue notificado por la Secretaría de este Tribunal. Le ordenamos, además, que presentase todos los documentos pertinentes al recurso, so pena de su desestimación.

El 16 de febrero de 2024, la señora Rosado compareció y presentó la solicitud sobre indigencia debidamente cumplimentada. No obstante, no adjuntó documento alguno en apoyo a su escueto recurso[2].

---

[1] Mediante la Orden Administrativa OATA-2024-018 del 25 de enero de 2024, se designó al Hon. Fernando J. Bonilla Ortiz, para entender y votar en el siguiente recurso.

[2] La señora Rosado ha comparecido previamente ante este foro apelativo. Tomamos conocimiento judicial de los recursos KLCE202200884, así como de la *Sentencia* dictada por un panel hermano el 22 de febrero de 2021, en el KLAN201901242. En este último, el panel hermano confirmó aquella parte de la sentencia criminal que encontró culpable a la señora Rosado por el delito de robo agravado, y portación y uso de armas blancas. En cuanto al delito de daños, el panel revocó la convicción y ordenó que se le re sentenciara de conformidad.

Número Identificador

RES2024_____

A la luz de tal incumplimiento, desestimamos este recurso.

I

A

Reconocemos que la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los procesos apelativos. Sin embargo, ello no supuso dar al traste con los requisitos mínimos exigidos para atender ordenadamente los recursos que se presentan ante este foro apelativo intermedio. Mucho menos pretendió eliminar los términos jurisdiccionales para acudir en alzada. *Morán v. Martí*, 165 DPR 356, 368-369 (2005).

Debemos tener presente, además, que la verificación de todos los requisitos de forma y de contenido previstos para las diversas gestiones apelativas, no solo resulta en beneficio del foro intermedio, sino también de la parte contra la cual las mismas se prosiguen. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

Por último, debemos apuntar que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, **no** justifica que ellas incumplan con las reglas procesales. Por supuesto, ello cobra mayor importancia en el caso de aquellas normas procesales que establecen términos jurisdiccionales o de cumplimiento estricto. *Febles v. Romar,* 159 DPR 714, 722 (2003).

B

Entre los requisitos a satisfacer en un recurso de *certiorari* se encuentra la inclusión de un apéndice. La Regla 34 del Reglamento del Tribunal de Apelaciones dispone que este deberá contener los siguientes documentos:

.      .      .      .      .      .      .      .

(E)  Apéndice

(1) Salvo lo dispuesto en el apartado (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

.      .      .      .      .      .      .      .

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere y la notificación del archivo en autos de copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari* y la notificación del archivo en autos de copia de la resolución u orden.

(d) **Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari,* o que sean relevantes a ésta.**

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

 (2) El Tribunal de Apelaciones podrá permitir a petición de la parte peticionaria en la solicitud de certiorari o en moción o motu proprio a la parte peticionaria la presentación de los documentos del Apéndice a que se refiere esta Regla, con posterioridad a la fecha de presentación del escrito de certiorari, dentro de un término de quince (15) días contado el mismo a partir de la fecha de notificación de la resolución del Tribunal autorizando la presentación de los documentos.

4 LPRA Ap. XXII-B, R. 34. (Énfasis nuestro).

## II

Un examen del trámite del recurso que nos ocupa revela que la señora Rosado incumplió con lo dispuesto en el Reglamento del Tribunal de Apelaciones respecto a la exigencia de adjuntar a su escrito documentos esenciales, tales como la sentencia condenatoria y la acusación, o la determinación del foro primario de la cual recurre. Inclusive, a pesar de habérsele ordenado, la peticionaria optó por no cumplir; ello, a pesar de haberle apercibido de que su incumplimiento podía conllevar la desestimación del recurso.

Según citado, un recurso que carece de un apéndice, con los documentos necesarios para poner al tribunal en posición de resolver, impide su consideración en los méritos. La ausencia de los mencionados documentos provocó un entorpecimiento en la consideración de la presente

controversia, ya que tan siquiera pudimos constatar lo solicitado por la peticionaria al foro inferior.

La peticionaria tiene la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar a este foro apelativo en posición de poder revisar al tribunal primario. Asimismo, el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, no justifica que ellas incumplan con las reglas procesales.

Las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente. Ello, ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, con el beneficio de un expediente completo y claro de la controversia que tiene ante sí.

Consecuentemente, nos es forzoso concluir que el recurso de *certiorari* no se perfeccionó conforme a la reglamentación aplicable, por lo que procede su desestimación.

III

A la luz de lo antes expuesto, y al amparo de la Regla 83(c) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, desestimamos el recurso ante nuestra consideración por el incumplimiento con las diligencias para su efectivo perfeccionamiento.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones