ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ROBERTO SOSTRE ROSADO<br><br>Recurrente<br><br>V.<br><br>ADMINISTRACIÓN DE CORRECCIÓN<br><br>Recurrida | KLRA202400435 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>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<br><br>Sobre:<br>Desestimación de Querella |

Panel integrado por su presidente, el Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente.

**SENTENCIA**

**I.**

En San Juan, Puerto Rico, a 22 de agosto de 2024.

Comparece, por derecho propio, el señor Roberto Sostre Rosado (recurrente o el señor Sostre Rosado), a través de un escrito titulado *Certiorari*, el cual fue acogido como un recurso de revisión judicial. Mediante dicha comparecencia, el recurrente, quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación, nos solicitó desestimar un *Informe de Querella de Incidente Disciplinario* presentado por el oficial Luis A. Reyes Santiago.[1]

En el referido informe de querella, al señor Sostre Rosado se le señaló como acto prohibido que el 1 de mayo de 2024 se encontraba bajo unos alegados efectos de alcohol o cualquier tipo de bebida embriagante, sustancias controladas o medicamentos, y se ausentó o interfirió con el recuento, en violación con los incisos 139 y 216 de

---

[1] Apéndice del recurso, pág. 3.

la Regla 15 del *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional*, Reglamento Núm. 9221, 8 de octubre de 2020, Departamento de Estado.

Surge del expediente que el 20 de junio de 2024, el recurrente presentó una *Solicitud de Reconsideración de Decisión de Informe Disciplinario para Confinado*.[2] En esta, solicitó la desestimación de la querella administrativa, por carecer de evidencia sobre las pruebas toxicológicas que certificaran la presunta sobredosis de sustancias controladas.

Es menester destacar que el recurrente no acompañó en este recurso documento alguno que nos permitiera entrever que el DCR adjudicó el *Informe de Querella de Incidente Disciplinario* presentado y la *Solicitud de Reconsideración de Decisión de Informe Disciplinario para Confinado*. Por otro lado, el señor Sostre Rosado no formuló ni discutió señalamiento de error alguno. Por ello, se adelanta la desestimación de este recurso.

Por virtud de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 Ap. XXII-B R. 7, prescindimos de la comparecencia de las posibles partes con interés en este caso, con el propósito de lograr el más justo y eficiente despacho.

**II.**

**A. Jurisdicción**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). A saber, ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group v.*

---

[2] *Íd.*, págs. 1-2.

*Oriental Bank, supra,* pág. 386. Dado que un foro judicial no puede asumir discrecionalmente jurisdicción donde no la hay, el primer factor que debe considerar al evaluar una situación jurídica es el aspecto jurisdiccional. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019). Pues, los foros judiciales estamos llamados a ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos jurisdiccionales son privilegiados y se atienen con prioridad. De lo contrario, la falta de jurisdicción conlleva como consecuencia:

> que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.* *Íd.*

Por ello, cuando un tribunal carece de jurisdicción para intervenir en un asunto, procede que inmediatamente desestime el recurso apelativo, sin entrar en los méritos de la controversia. *Torres Alvarado v. Madera Atiles, supra,* pág. 501; *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012).

### B. <u>Revisión judicial</u>

El Artículo 4.006 de la Ley de la Judicatura, Ley Núm. 201-2003, según enmendada, 4LPRA sec. 24y establece que este Tribunal tiene competencia para revisar, entre otros asuntos, las decisiones, órdenes y resoluciones finales de los organismos o agencias administrativas. Por su parte, la Regla 56 y siguientes del Reglamento del Tribunal de Apelaciones, *supra,* R. 56 y siguientes, gobiernan el trámite de las revisiones de los asuntos previamente mencionados. En particular, la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra,* R. 59, regula el contenido del recurso de revisión. Así, todo recurso de esta naturaleza debe incluir uno o varios señalamientos de error, los cuales, además deben ser

discutidos; de igual manera debe contener una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión incluyendo la fecha en que fue dictada y la fecha en que se archivó en autos copia de la notificación a las partes. También, deberá presentarse un apéndice, el cual tiene que contener copia de las alegaciones de las partes ante la agencia recurrida; y copia de la querella, orden, resolución o providencia administrativa recurrida, así como de toda moción, resolución u orden necesaria para establecer la jurisdicción de este Tribunal o que sea pertinente para la controversia.

**III.**

Tras realizar un examen minucioso del expediente ante nuestra consideración, concluimos que carecemos de jurisdicción para atender el recurso presentado por el recurrente. Esto, ya que el señor Sostre Rosado no nos colocó en posición para ejercer nuestra función revisora, toda vez que no presentó documento alguno que nos permita entrever que el DCR adjudicó finalmente el *Informe de Querella de Incidente Disciplinario* presentado por el oficial Luis A. Reyes Santiago y la *Solicitud de Reconsideración de Decisión de Informe Disciplinario para Confinado* presentada por el recurrente. De hecho, desconocemos si el DCR emitió una determinación administrativa. Sobre el particular, resulta importante destacar que este tribunal tiene competencia para revisar las decisiones finales de las agencias administrativas. *Véase* Artículo 4.006 de la Ley de la Judicatura, *supra*, sec. 24y.

Por otra parte, el recurrente no formuló ni discutió en su escrito algún señalamiento de error, lo que impidió que este Tribunal tuviera el beneficio de contar con un expediente completo que plasmara claramente la controversia que se nos solicitó atender, en claro incumplimiento con las Reglas del Tribunal de Apelaciones, *supra*. Cabe destacar que el hecho de que un litigante comparezca

por derecho propio no justifica el incumplimiento con las reglas de este Tribunal, ya que ello constituye un impedimento para ejercer nuestra jurisdicción y atender el recurso en sus méritos. Véase *Febles v. Romar*, 159 DPR 714 (2003).

A la luz de lo antes expuesto, desestimamos el recurso ante nuestra consideración por ausencia de jurisdicción y craso incumplimiento con las reglas de este tribunal.

**IV.**

Por los fundamentos antes expuestos, se desestima el recurso presentado por el recurrente por ausencia de jurisdicción.

El DCR deberá entregar copia de la presente *Resolución* al señor Sostre Rosado en cualquier institución donde se encuentre confinado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones