Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>*Recurrido*<br><br>v.<br><br>OBE E. JOHNSON<br><br>*Peticionario* | KLCE202401066[1] | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Criminal Núm.: K PD2005G0656<br><br>Sobre: Art. 173 CP |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de octubre de 2024.

Comparece ante nos el señor Obe E. Johnson (señor Johnson o peticionario), por derecho propio y en forma *pauperis*, mediante recurso de *Certiorari,* suscrito el 26 de septiembre de 2024[2]. En su escrito, el peticionario aduce que el Tribunal de Primera Instancia, Sala Superior de San Juan, se ha rehusado a ordenar la celebración de un nuevo juicio.

Por los fundamentos que exponemos a continuación, **desestimamos** el recurso de *certiorari* solicitado.

**I.**

Según surge del recurso, el señor Johnson, quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación, sostiene que, el 7 de marzo de 2024, el Tribunal de Primera Instancia estaba en el proceso de la celebración de un nuevo juicio. No obstante, la Lcda. Alejandra Belmar Jiménez, de la

---

[1] El caso de epígrafe se asigna a este Panel conforme a la Orden Administrativa OAJP-2021-086 sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones, emitida el 4 de enero de 2021, con efectividad del 10 de enero de 2022.
[2] El escrito fue recibido en el Tribunal de Apelaciones el 2 de octubre de 2024.

Sociedad para la Asistencia Legal de Puerto Rico, interrumpió el nuevo juicio de forma engañosa o, en la alternativa, se resistió o rechazó la celebración de un nuevo juicio. A tales fines, el peticionario solicita que esta Curia celebre un nuevo juicio y resuelva sobre la alegación de obstrucción a la justicia y fabricación de parte de la Lcda. Alejandra Belmar Jiménez y del Lcdo. Luis A. Gutiérrez Marcano, ambos, de la Sociedad para la Asistencia Legal de Puerto Rico.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores, según lo permite la Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 7.

## II.

### -A-

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[3]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[4]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[5]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[6].

---

[3] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).

[4] *Íd.*

[5] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra*, pág. 91.

[6] *Íd.*

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones[7], señala los criterios que para ello debemos considerar. Éstos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

**De otro lado, las partes tienen la responsabilidad de observar rigurosamente el cumplimiento de los requisitos reglamentarios para perfeccionar los recursos presentados ante**

---

[7] 4 LPRA XXII-B, R. 40.

**la consideración del Tribunal Supremo y del Tribunal de Apelaciones**[8].

La Regla 34 del Reglamento del Tribunal de Apelaciones, establece el contenido de los recursos de *Certiorari*. En lo aquí pertinente, la Regla dispone que el cuerpo del recurso debe incluir, entre otros:

(C) Cuerpo

(1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) En la comparecencia, el nombre de las partes peticionarias.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari; además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

[...][9].

En cuanto al requisito de incluir un apéndice como parte del recurso de *certiorari*, la Regla 34 (E) del Reglamento del Tribunal de Apelaciones establece lo siguiente:

(E) Apéndice

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber:

[...]

---

[8] *M-Care Compounding v. Dpto. de Salud*, 186 DPR 159, 176 (2012).
[9] Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34.

(ii) en casos criminales, la denuncia y la acusación, si la hubiere.

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

### III.

En su recurso, el señor Johnson alega que el Tribunal de Primera Instancia, Sala Superior de San Juan, interrumpió la celebración de un nuevo juicio, presuntamente, por la conducta de la Lcda. Alejandra Belmar Jiménez y del Lcdo. Luis A. Gutiérrez Marcano, ambos, de la Sociedad para la Asistencia Legal de Puerto Rico.

Por tal razón, el peticionario solicita a este Tribunal de Apelaciones que celebre un nuevo juicio.

Tras examinar el recurso presentado por el peticionario, encontramos que el contenido de su recurso carece de una relación fiel de los hechos procesales y materiales del caso que nos permitan entender el asunto planteado. Tampoco el peticionario hizo señalamiento breve ni conciso del error que, a su juicio, cometió el foro primario o en el que se fundamente su solicitud. Además, entre los documentos que acompañan el recurso, no se incluyó copia de una determinación judicial que pueda ser revisable por este Tribunal de Apelaciones.

En resumen, el recurso ante nuestra consideración no reúne las exigencias reglamentarias correspondientes a la presentación y perfeccionamiento de un recurso de *certiorari*[10]. Dichas omisiones nos imposibilitan ejercer nuestra función revisora, así como poder cumplir con nuestro deber de emitir una decisión fundamentada. Cabe mencionar que el hecho de que una parte comparezca por derecho propio no justifica el incumplimiento con las reglas procesales aplicables[11]. Por tanto, procede la desestimación del recurso conforme la Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 83 (C).

**IV.**

Por los fundamentos que anteceden, ***desestimamos*** el recurso de *certiorari* solicitado.

Notifíquese al señor Obe E. Johnson, quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación: Institución Guayama 1000 2H-107 PO Box 1000-9 Guayama, PR 00785, o en cualquier institución en donde se encuentre.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] *Íd.*
[11] *Febles v. Romar,* 159 DPR 714, 722 (2003).