ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| ROMULO DANZOT<br><br>Recurrente<br><br>v.<br><br>NSSK SAN JUAN LLC<br>HNC AUTO GRUP<br><br>Recurrido | **KLRA202400396** | *REVISIÓN ADMINISTRATIVA* procedente de Departamento de Asuntos Del Consumidor<br><br>Caso Núm.:<br>CAG-2024-0005986<br><br>Sobre: DACo |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2024.

Comparece el Sr. Rómulo Danzot (Sr. Danzot o "recurrente"), por derecho propio, mediante recurso de revisión judicial presentado el 23 de julio de 2024. Solicitó que revisemos la *Resolución* emitida por el Departamento de Asuntos del Consumidor ("DACo" o "recurrido") emitida y notificada el 2 de julio de 2024. Mediante el referido dictamen, DACo archivó la *Querella* presentada por el recurrente por incomparecencia.

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el presente recurso por falta de jurisdicción.

### I.

El 25 de abril de 2024, el recurrente presentó una *Querella* sobre compraventa de vehículos de motor ante DACo en contra de NSSK San Juan LLC, HNC Auto Grupo. La vista administrativa fue pautada para el 2 de julio de 2024. No obstante, el Sr. Danzot no compareció a la vista y tampoco justificó su incomparecencia en aquel momento. Por lo cual, DACo decretó el cierre y archivo

de la querella. Ante esos hechos, el Sr. Danzot recurrió a este foro para revisar dicha decisión administrativa el 23 de julio de 2024.

El 3 de septiembre de 2024, DACo presentó una *Moción Informativa*, en el cual, alegó que el recurrente no notificó a la agencia del presente recurso. Ante esto, emitimos una *Resolución* el 5 de septiembre de 2024, para que el Sr. Danzot se expresara dentro un término de 5 días a partir de la notificación de esta *Resolución*.

Transcurrido el término dispuesto, el recurrente no compareció a presentarnos su postura. Consecuentemente, declaramos perfeccionado el recurso de epígrafe y procedemos a su disposición, conforme a derecho.

**II.**

**-A-**

El Artículo 4.006(c) de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, Ley Núm. 201-2003, según enmendada, faculta al Tribunal de Apelaciones revisar las "decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". 4 LPRA sec. 24 y (c). No obstante, el tribunal revisor debe "conceder deferencia a las decisiones de las agencias administrativas, ello debido a la experiencia y el conocimiento especializado que éstas poseen sobre los asuntos que se les han delegado". *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016).

La Sección 4.5 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, dispone que el foro revisor no intervendrá con las determinaciones de hecho de las agencias si se sostienen por la prueba en el expediente. 3 LPRA sec. 9675. Por otra parte, las

conclusiones de derecho "serán revisables en todos sus aspectos por el tribunal". *Íd.* Ante una revisión judicial, el foro revisor debe examinar "que no se haya actuado de manera arbitraria o ilegal, o de forma tan irrazonable que sea considerado un abuso de discreción". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018).

## -B-

El Tribunal Supremo de Puerto Rico define la jurisdicción como "el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes". *MCS Advantage v. Fossas Blanco et al.* 211 DPR 135, 144 (2023). Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia. *Allied Mgmt. Group. v. Oriental Bank*, 204 DPR 374, 386 (2020). Esto, dado que una sentencia emitida sin jurisdicción es nula en derecho. Peerless Oil v. Hnos. Torres Pérez, 186 DPR 239, 250 (2012).

La Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.83, faculta a este foro a desestimar *motu proprio* o a petición de parte un recurso apelativo cuando carece de jurisdicción. Por lo cual, si un tribunal carece de jurisdicción, el único curso de acción posible es así declararlo, sin necesidad de discutir los méritos del recurso en cuestión. FCPR v. ELA et al. 211 DPR 521, 530 (2023).

## -C-

Ante una revisión de una decisión administrativa, la Regla 57 del Reglamento del Tribunal de Apelaciones dispone que:

> El escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta días contados a

partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. 4 LPRA Ap. XXII-B, R.57.

A su vez, la Regla 58(B)(1) dispone que:

La parte recurrente notificará el escrito de revisión debidamente sellado con la fecha y hora de su presentación a los abogados o abogadas de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al funcionario administrativo o funcionaria administrativa de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo éste un término de cumplimiento estricto. 4 LPRA Ap. XXII-B, R. 58(B)(1).

En reiteradas ocasiones nuestro Tribunal Supremo ha resuelto que los reglamentos de los foros revisores deben observarse rigurosamente para perfeccionar adecuadamente los recursos apelativos. Isleta v. Inversiones Isleta Marina, 203 DPR 585, 590 (2019). Incluso en situaciones cuando las partes se representan por derecho propio "por sí solo, no justifica que incumplan con las reglas procesales". Febles v. Romar, 159 DPR 714, 722 (2003). El incumplimiento de las reglas veda al foro apelativo de ejercer su función revisora. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

No obstante, a diferencia de un término jurisdiccional, el incumplimiento con un término estricto no es fatal siempre que exista justa causa. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 881-882 (2007). Es decir, la parte tardía debe hacer constar al tribunal detalladamente las circunstancias por su dilación. *Soto Pino v. Uno Radio Group*, *supra*, pág. 92. De lo contrario, el tribunal no tiene discreción para

prorrogar el término. García Ramis v. Serrallés, 171 D.P.R. 250, 253-254 (2007).

## III.

En este caso, nos encontramos con un recurso que no está perfeccionado. DACo acudió ante este foro y alegó en su *Moción Informativa* que el recurrente no notificó a la agencia sobre el presente recurso conforme a la Regla 58 de nuestro Reglamento. Siendo el término de cumplimiento estricto este se puede excusar por justa causa debidamente fundamentada. Por lo cual, este foro concedió un término de cinco días al Sr. Danzot para que se expresara sobre la aludida moción. No obstante, el recurrente no compareció a mostrar causa por la cual se le deba excusar su inobservancia de nuestro Reglamento.

Ante el incumplimiento con las Reglas de este foro apelativo, el presente recurso no se perfeccionó. De manera que, **DESESTIMAMOS** el presente recurso por falta de jurisdicción.

## IV.

Por todo lo anterior, **DESESTIMAMOS** el presente recurso ante su falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones