Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ESTRELLA HOME III, LLC<br><br>Recurrida<br><br><br>V.<br><br><br>MARIELY OLMEDA QUIÑONES<br><br>Peticionaria | KLAN202500192 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>D CD2008-2929<br><br><br>Sobre:<br>Ejecución de hipoteca y cobro de dinero |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de mayo de 2025.

Comparece ante nos por derecho propio e *in forma pauperis* la señora Mariely Olmeda Quiñones (señora Olmeda Quiñones o peticionaria) en solicitud de que revoquemos una *Orden de Lanzamiento* emitida el 22 de enero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] Mediante el referido dictamen, el TPI declaró Con Lugar una *Moción Solicitando Orden y Mandamiento de Lanzamiento* presentada por Estrella Homes III LLC (Estrella Homes o recurrido). Consignó que, luego de la subasta celebrada el 1 de octubre de 2024, en la cual se adjudicó el inmueble de la peticionaria a Estrella Homes, el Alguacil podía poner al recurrido en su posesión material dentro de los veinte (20) días siguientes a la venta judicial, sin necesidad de procedimiento ulterior, a tenor con la Regla 51.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.3 y el Artículo 112 de la *Ley del Registro de la Propiedad Inmobiliaria,* Ley Núm. 210-2015, 30 LPRA sec. 6149. De igual

---

[1] Archivada y notificada el 30 de enero de 2025.
Hacemos notar que al tratarse de un asunto post-sentencia, el recurso se acoge como un *certiorari*.

manera, ordenó expedir el *Mandamiento* para que el Alguacil procediera con el lanzamiento de la señora Olmeda Quiñones o de cualquier ocupante del inmueble adquirido por Estrella Homes.

El 20 de febrero de 2025, la señora Olmeda Quiñones presentó una *Moción Informativa y Petición de Orden*, en la que solicitó presentar un recurso de *certiorari* ante el TPI y paralizar la *Orden de Lanzamiento*. Esto, al entender que la *Orden de Lanzamiento* se debía dejar sin efecto, ya que no se le notificó la fecha de la subasta. Asimismo, peticionó que el Foro Primario le exigiera al recurrido lograr un acuerdo viable.

En atención a lo anterior, el 26 de febrero de 2025, el TPI emitió una *Orden* en la que le informó a la peticionaria que un recurso apelativo se presenta ante este Tribunal de Apelaciones y le aconsejó que se asesorara legalmente.

Eventualmente, el 27 de marzo de 2025, la Oficina de Alguaciles expidió un *Aviso* de desahucio del inmueble objeto del pleito para el 29 de mayo de 2025.

El 6 de marzo de 2025, la peticionaria presentó este recurso en solicitud de anular la *Orden de Lanzamiento* al aducir que no se le notificó sobre la venta judicial celebrada el 1 de octubre de 2024.

El 9 de abril de 2025, Estrella Homes presentó una *Moción Asumiendo Representación Legal de la Parte Recurrida y Solicitando Desestimación de la Solicitud de Certiorari*. En esta, expresó que la señora Olmeda Quiñones incumplió crasamente con las disposiciones del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, en cuanto al contenido del recurso y la notificación a las partes. Esto, al argumentar que la peticionaria presentó el recurso como una apelación, a la vez que omitió incluir un apéndice, la relación de los hechos procesales y materiales del caso, así como el señalamiento y la discusión de los errores alegados. A su vez, precisó que no se le notificó sobre la presentación de este recurso.

Por los fundamentos que expondremos a continuación, se adelanta la desestimación del recurso presentado ante nos.

## I.

### A. *Certiorari*

Una determinación sobre asuntos post-sentencia es revisable solamente mediante el recurso de *certiorari*. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, *supra*. Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En tal virtud, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40 establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*.

Por otro lado, la Regla 32 del Reglamento del Tribunal de Apelaciones, *supra*, R. 32, dispone que una parte que presente un recurso de *certiorari* para revisar una resolución u orden, deberá realizarlo dentro de un término de treinta (30) días siguientes a la fecha del archivo en autos de la copia de la notificación del dictamen recurrido. Dicho término es de cumplimiento estricto, por lo que puede ser prorrogado mediante la oportuna acreditación de justa causa en el propio recurso. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013); *Córdova v. Larín*, 151 DPR 192, 198 (2000). Pues, este Tribunal carece de discreción para prorrogar un término de cumplimiento estricto y acoger un recurso automáticamente, ya que la parte que actuó tardíamente debe hacer constar las circunstancias específicas que constituyen justa causa. *Soto Pino v. Uno Radio Group, supra.* Ahora bien, la acreditación de justa causa requiere explicaciones concretas y particulares, ya que no se puede fundamentar en vaguedades, excusas o planteamientos estereotipados. *Íd.*, pág. 93. En tal sentido, la mera inadvertencia no puede crear una excepción para cumplir con un término. *Córdova v. Larín, supra.* Cónsono con lo anterior, el hecho de que una parte comparezca por derecho propio no justifica el incumplimiento con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

Igualmente, la Regla 33 (B) del Reglamento de este Tribunal, *supra*, R. 33 (B), establece que la parte peticionaria deberá notificar la presentación del recurso a las demás partes dentro del término dispuesto para la presentación del recurso, el cual es de cumplimiento estricto.

A su vez, la Regla 34 del Reglamento del Tribunal de Apelaciones, *supra*, R. 34, regula lo atinente al contenido de una solicitud de *certiorari*. A saber, la referida disposición establece que debe contener, entre otros, un índice, un cuerpo con el nombre de las partes, las citas de las disposiciones legales que establecen la

jurisdicción y la competencia del tribunal, una referencia a la decisión que se solicita revisar, una relación fiel y concisa de los hechos procesales y materiales del caso, un señalamiento y una discusión de los errores, así como una súplica.

### B. Jurisdicción

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A saber, ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group v. Oriental Bank*, *supra*, pág. 386. Por ello, un foro judicial tiene la responsabilidad indelegable de examinar, en primera instancia, el aspecto jurisdiccional de toda situación jurídica presentada ante sí. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Pues, un ente adjudicativo carece de discreción para asumir jurisdicción donde no la hay ni una parte puede conferírsela voluntariamente. *Íd.*

La falta de jurisdicción no puede ser subsanada y conlleva la nulidad del dictamen emitido. *Allied Mgmt. Group v. Oriental Bank*, *supra*, pág. 386. En tal sentido, una sentencia emitida sin jurisdicción es nula en derecho y, consecuentemente, inexistente. *Íd.*

Cuando un tribunal carece de jurisdicción para intervenir en un asunto, procede así declararlo y desestimar inmediatamente el recurso, sin entrar en los méritos de la controversia. *Torres Alvarado v. Madera Atiles*, *supra*, pág. 501; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). Ante ello, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, dispone que este Tribunal, a iniciativa propia o a petición de parte, puede desestimar un recurso por falta de jurisdicción.

Esbozada la normativa jurídica, procedemos a aplicarla a los hechos que nos conciernen.

**II.**

En el presente caso, la señora Olmeda Quiñones, sin especificar un planteamiento de error, nos solicitó dejar sin efecto la ejecución de la *Orden de Lanzamiento* en su contra.

Tras un examen exhaustivo del expediente, concluimos que carecemos de jurisdicción para atender el planteamiento de la peticionaria en sus méritos.

En primer lugar, este recurso se presentó tardíamente. Pues, de los documentos surgió que el TPI notificó la *Orden* recurrida el 30 de enero de 2025. Por cuanto, el término de cumplimiento estricto de treinta (30) días para presentar un recurso de *certiorari* venció el sábado, 1 de marzo de 2025, el cual se extendió hasta al lunes, 3 de marzo de 2025. Sin embargo, no fue hasta el 6 de marzo de 2025, posterior a expirar el término reglamentario, que la señora Olmeda Quiñones presentó este recurso sin ofrecer una justificación para su tardanza. A su vez, cabe destacar que transcurrieron más de cinco (5) meses desde que se celebró la venta judicial sobre la cual la peticionaria adujo deficiencias, así como más de quince (15) años desde que se dictó una *Sentencia* de ejecución hipotecaria advenida final y firme. En cuanto al señalamiento de que el 26 de febrero de 2025 el TPI orientó a la peticionaria respecto a que un recurso apelativo se presenta en este Tribunal y le sugirió que se asesorara legalmente, debemos precisar que dicho hecho no tuvo efecto sobre -ni reactivó- los términos con los que disponía para la presentación de su recurso ante este tribunal.

En segundo lugar, la peticionaria obvió notificar al recurrido sobre la presentación de este recurso sin exponer una causa adecuada que justificara su omisión. Lo anterior constituyó una

deficiencia para el perfeccionamiento del recurso, a tenor con la Regla 33 (B) del Reglamento del Tribunal de Apelaciones, *supra*, R. 33 (B).

En tercer lugar, este recurso adolece crasamente de los requisitos de su contenido, en incumplimiento con la Regla 34 del Reglamento del Tribunal de Apelaciones, *supra*, R. 34. La señora Olmeda Quiñones no expuso una relación fiel y concisa de los hechos procesales de este caso, no realizó un señalamiento de los errores que entendía que cometió el TPI, su discusión, ni las disposiciones legales aplicables. Igualmente, la peticionaria presentó un apéndice incompleto de los documentos que conformaron el expediente en el Foro Primario, a los fines de ponernos en posición de resolver la controversia.

Por último, es meritorio subrayar que comparecer por derecho propio no exime a una parte del cumplimiento con las normas reglamentarias referentes a la presentación de un recurso apelativo. La presentación tardía e incompleta de este recurso, en ausencia de justa causa, nos privó de jurisdicción para evaluar el mismo en sus méritos y conllevó su desestimación. En consecuencia, procedemos a desestimar este recurso de *certiorari*, de conformidad con la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83.

**III.**

Por los fundamentos que anteceden, se desestima el recurso presentado por la señora Olmeda Quiñones por falta de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones