Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Recurrido<br><br><br>v.<br><br><br>ILKA VIOLETA CARBO RODRÍGUEZ<br><br>Peticionaria | TA2025CE00398 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm. SJ2025CV02549<br><br>Sobre: Cobro de Dinero-Ordinario, Ejecución de Hipoteca: Propiedad Residencial |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 20 de octubre de 2025.

El presente recurso de *certiorari* procedemos a **denegarlo** por incumplimiento craso con el Reglamento del Tribunal de Apelaciones de Puerto Rico.[1] Veamos.

**-I-**

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales del caso.

El **29 de agosto de 2025**, la Sra. Ilka Violeta Carbo Rodríguez ("peticionaria") presentó —*por derecho propio*— ante el Tribunal de Apelaciones un escrito intitulado: *"In Auxiliary Act of the Court with expedite consideration Notice of Appeal To San Juan Superior court Had Been Service Time Extension Request"*.[2] Al examinar el escrito, notamos que lo hace por derecho propio sin ser cualificada por el

---

[1] Reglamento del Tribunal de Apelaciones, según enmendado, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ____ (2025).
[2] Entrada Núm. 1 del caso *TA2025CE00398* en SUMACTA.

Tribunal de Primera Instancia ("TPI") para auto representarse. Notamos además, que dicho escrito está redactado en el idioma inglés sin presentar ninguna copia alterna en el idioma español o autorización para prescindir del idioma español. Cabe indicar que no cumple de forma alguna con el contenido de la Regla 34 del Reglamento del Tribunal de Apelaciones de Puerto Rico.[3] En específico, no hace constar de qué Orden o Resolución recurre. Tampoco precisa con coherencia los hechos que motivan su petición. De igual modo, no hace señalamiento de error ni argumentación en derecho coherente de clase alguna.

En ánimo de contar con un marco claro, el **4 de septiembre de 2025** emitimos una *Orden* para que la peticionaria presentara la resolución u orden de la cual recurre.[4] Se le advirtió que de incumplir con ello, se estaría desestimando el recurso por incumplimiento con nuestro Reglamento.

El **9 de septiembre de 2025**, presentó otro escrito con las mismas características de incoherencia y redacción del pasado escrito.[5] No obstante, de los anejos presentados en el apéndice original podemos intimar que la peticionaria desea revisar dos (2) órdenes notificadas el 20 de agosto de 2025 por el TPI que no son de carácter dispositivo. En la primera, es una *ORDEN DE PROTECCIÓN DE PROPIEDAD VACANTE,* en la que se le concede al demandante/recurrido Banco Popular de Puerto Rico ("BPPR") autorización para proteger la propiedad a ser ejecutada. En la segunda orden, se pautó una vista presencial para el 26 de septiembre de 2025, a las 10:00 a.m.[6]

---

[3] Regla 34 del Reglamento del Tribunal de Apelaciones, según enmendadas, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 54-58, 215 DPR ____ (2025).
[4] Entrada Núm. 3 del caso *TA2025CE00398* en SUMACTA.
[5] Entrada Núm. 4 del caso *TA2025CE00398* en SUMACTA.
[6] Como apéndice del recurso, anejó una *ORDEN DE PROTECCIÓN DE PROPIEDAD VACANTE* notificada el 20 de agosto de 2025, en la que se ordena proteger la propiedad a ser ejecutada. También, en esa misma fecha notificó una Orden en la que pautó una vista presencial para el 26 de septiembre de 2025. *Véase,* Anejos de la Entrada Núm. 1 del caso *TA2025CE00398* en SUMACTA.

Sin que fuera autorizada por este Panel, el **25 de septiembre de 2025**, la peticionaria presentó otro escrito con igual deficiencia a los antes radicados.[7]

Por su parte, el **8 de octubre de 2025** BPPR presentó un escrito intitulado "*MOCION PARA DESESTIMAR APELACION*",[8] en el cual señaló que el recurso instado no contenía cuestiones sustanciales de derecho y era uno frívolo. Por lo cual, nos solicitó la desestimación del recurso epígrafe.

**-II-**

La Regla 34(C)(1) y (E) del Reglamento del Tribunal de Apelaciones, dispone qué contendrá la solicitud de *certiorari* en cuanto al cuerpo y el apéndice:

> *(C) Cuerpo*
> *(1) Toda solicitud de certiorari contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:*
> *(a) En la comparecencia, el nombre de las partes peticionarias.*
> *(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.*
> *(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente, la Sala del Tribunal de Primera Instancia que la dictó; la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari.*
> *    La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.*
> ***(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.***
> ***(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.***
> ***(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.***
> *(g) La súplica.*
> *[....]*
> ***(E) Apéndice***
> *(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un apéndice que contendrá una copia literal de:*
> *(a) Las alegaciones de las partes, a saber:*

---

[7] Entrada Núm. 5 del caso *TA2025CE00398* en SUMACTA.
[8] Entrada Núm. 6 del caso *TA2025CE00398* en SUMACTA.

*(i) en casos civiles: la demanda principal, la de coparte o de tercer y reconvención, con sus respectivas contestaciones;*

*[...]*

**(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.**

*(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.*

**(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta.**

*(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia. [...].*[9]

El Tribunal Supremo de Puerto Rico ha reiterado que las disposiciones reglamentarias sobre los recursos que se presentan ante el Tribunal de Apelaciones *deben observarse rigurosamente*.[10]

De igual modo, las partes están *obligadas* a cumplir fielmente el trámite prescrito en las correspondientes leyes y reglamentos aplicables al proceso de perfeccionamiento de los recursos y *no puede quedar a su arbitrio decidir qué disposiciones reglamentarias deben acatarse y cuándo*.[11] Todavía más, una parte no puede utilizar como subterfugio su comparecencia *por derecho propio* para incumplir con las normas procesales en cuanto a la presentación y perfeccionamiento de los recursos.[12]

En consecuencia, la Regla 83(C) del Reglamento del Tribunal de Apelaciones nos autoriza, a iniciativa propia, a desestimar un recurso de apelación **o denegar un auto discrecional por**

---

[9] Regla 34(C)(1) y (E) del Reglamento del Tribunal de Apelaciones, según enmendadas, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 54-56, 215 DPR ____ (2025). Énfasis nuestro.

[10] *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013).

[11] *Íd.*

[12] *Febles v. Romar* 159 DPR 714 (2003).

**cualquiera de los motivos consignados en el inciso (B) precedente**.[13]

### -III-

Nos encontramos ante un recurso que claramente no se ha presentado ni proseguido con diligencia.[14]

La información provista por la peticionaria —por derecho propio— no tiene coherencia ni se apega a los requerimientos mínimos exigidos en nuestro Reglamento. En palabras sencillas, la peticionaria no hace una referencia de la Resolución u Orden cuya revisión se solicita. No presenta una relación fiel y concisa de los hechos procesales y materiales del caso. Tampoco hace señalamiento breve y conciso de los errores, ni argumenta sobre base de ley, reglamento o jurisprudencia que podamos considerar pertinente con la controversia. Ni contamos con un Apéndice completo que nos permita considerar su petitorio. No obstante, notamos que las dos (2) órdenes resueltas y notificadas por el TPI el 20 de agosto de 2025 —a las que intimamos desea revisar— no tienen un carácter dispositivo.

Por todo lo antes expuesto, debemos concluir que la peticionaria no ha presentado ni proseguido con diligencia el recurso de *certiorari* de epígrafe, por lo que procedemos a denegar un auto

---

[13] Regla 83(C) del Reglamento del Tribunal de Apelaciones, establece lo siguiente: "*El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto*". Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág.115, 215 DPR ___ (2025).

[14] La Regla 83(B) del Reglamento del Tribunal de Apelaciones, establece que una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: *(1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o (5) que el recurso se ha convertido en académico.* Regla 83(B) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs.115-117, 215 DPR ___ (2025).

discrecional solicitado en virtud de la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra.*

### -IV-

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de certiorari solicitado bajo la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra.*

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.  La Juez Barresi Ramos concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones