Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>JOSÉ A. LÓPEZ COLÓN<br><br>Peticionario | TA2025CE00224 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Sobre: Art. 95 CP, Art. 5.04 y 5.15 LA<br><br>Caso Núm.:<br>A VI2013G0054<br>A LA2013G0263-264 |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de octubre de 2025.

Comparece ante nos —por derecho propio— el confinado, Sr. José A. López Colón ("señor López Colón" o "peticionario"), mediante el recurso de *certiorari*. Inferimos que el señor López Colón busca revisar la *Orden* emitida el 16 de junio de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Aguadilla ("TPI"), que declaró *No Ha Lugar* una moción que intentaba impugnar las sentencias de cárcel impuestas en su contra.

Examinado el recurso presentado, procedemos a **denegar** la petición de *certiorari* presentada.

**-I-**

Del expediente surge que, luego de un veredicto de culpabilidad, el **3 de octubre de 2019,** el señor López Colón fue sentenciado a un total de 45 años de cárcel por infringir el Artículo

---

[1] Notificada el 26 de junio de 2025.

95 del Código Penal (2012)[2] y los entonces Artículos 5.04[3] y 5.15[4] de la Ley Núm. 404–2000.[5]

El **30 de noviembre de 2020**, un Panel hermano del Tribunal de Apelaciones emitió una Sentencia en el recurso de apelación núm. —**KLAN201901243**— en la que confirmó las sentencias de cárcel dictadas contra el señor López Colón. Los errores atendidos fueron los siguientes:[6]

> **PRIMER ERROR:** Erró el Tribunal de Primera Instancia, Sala Superior de Aguadilla, al sentenciar al apelante por infracción al artículo 5.04 de la Ley de Armas cuando el veredicto rendido por el jurado fue contrario a derecho ya que no se configuraron todos los elementos del delito.
>
> **SEGUNDO ERROR:** Erró la Honorable Juez de Instancia, Sala Superior de Aguadilla, al limitar el contrainterrogatorio realizado por el abogado de defensa al agente de Homicidio por entender que la legítima defensa debía ser anunciada mediante moción y no se hizo.
>
> **TERCER ERROR:** Erró el Tribunal de Primera Instancia, al sentenciar al apelante cuando ninguno de los delitos fue probado más allá de duda razonable ya que la legítima defensa no fue probada.
>
> **CUARTO ERROR:** Erró el Tribunal de Primera Instancia, al aceptar la convicción del apelante por infracción al artículo 5.04 de la Ley de Armas tratándose de una acusación que no le imputa la comisión del delito y que nunca fue enmendada conforme a derecho.
>
> **QUINTO ERROR:** Erró el Tribunal de Primera Instancia, al sentenciar al apelante tomando en cuenta el efecto acumulativo de todos los errores antes aludidos, los cuales, aunque entienda esta Curia que por sí no fueran perjudiciales y suficientes, apreciados en conjunto resulta claro que el apelante no tuvo un juicio justo o imparcial como requiere la Constitución del Estado Libre Asociado como la de Estados Unidos.

Dicha sentencia advino final y firme, por lo que, tras varios trámites procesales, el **3 de junio de 2025,** el señor López Colón presentó ante el TPI una moción al amparo de la Regla 192.1 de las Reglas de Procedimiento Criminal,[7] con el fin de atacar las sentencias impuestas.

---

[2] Por asesinato atenuado 15 años de cárcel.
[3] Por portación y uso ilegal de arma de fuego 20 años de cárcel.
[4] Por apuntar o disparar ilegalmente un arma de fuego 10 años de cárcel.
[5] La Ley Núm. 404 de 11 de Septiembre de 2000, fue derogada por la vigente Ley Núm. 168 de 11 de diciembre de 2019, según enmendada.
[6] Véase, la Sentencia KLAN201901243 del 30 de noviembre de 2020.
[7] Véase; Apéndice 3 de la Entrada Núm.1 del caso *TA2025CE00224* en SUMACTA.

Mediante *Orden* emitida el **16 de junio de 2025**,[8] el TPI declaró *No Ha Lugar* la moción, y dispuso que las sentencias impuestas son conforme a derecho, finales y firmes.[9]

Inconforme, el señor López Colón recurrió **18 de julio de 2025,** ante este Foro Apelativo. Mediante la *Petición de Certiorari* de epígrafe nos señaló la comisión de cuatro (4) errores:

> **Primer error** La garantía criminal de que no se acusar[á] a ninguna persona por un hecho que no esté previamente definido como delito en el código o mediante ley especial. [sic].
>
> **Segundo error** La garantía penal, que prohíbe la imposición de penas o medidas de seguridad que no hayan sido establecidas previamente por ley. [sic].
>
> **Tercer error** También está implícito el corolario del principio de legalidad que se prohíbe **la imposición retroactiva de la ley penal**. [sic].
>
> **Cuarto error** La imposición del agravante fue un abuso de discreción por parte del T.P.I. contrario a la determinación del jurado. [sic].

Luego de varios trámites, el **2 de octubre de 2025** la Oficina del Procurador General compareció en representación del Pueblo de Puerto Rico en *ESCRITO EN CUMPLIMIENTO DE RESOLUCIÓN Y SOLICITUD DE DESESTIMACIÓN*.

**-II-**

La Regla 34 del Reglamento del Tribunal de Apelaciones,[10] dispone qué contendrá la solicitud de *certiorari*. Dicho escrito debe contener:

> **(A) Cubierta**
> La primera hoja del recurso constituirá la cubierta, que indicará en su encabezamiento "Estado Libre Asociado de Puerto Rico", "Tribunal de Apelaciones" y la Región Judicial de donde procede el recurso, y contendrá solamente lo siguiente:
>> (1) Epígrafe
>> El epígrafe del escrito de certiorari contendrá el nombre de todas las partes en el orden en que aparecían en el Tribunal de Primera Instancia y se les identificará como "parte peticionaria" y "parte recurrida".
>> (2) Información sobre abogados o abogadas y partes
>>> [...]
>> (3) Información del caso
>>> [...]

---

[8] Notificada el 26 de junio de 2025.
[9] Véase; Apéndice 2 de la Entrada Núm. 1 del caso *TA2025CE00224* en SUMACTA.
[10] Regla 34 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 54 – 58, 215 DPR __ (2025).

**(B) Índice**

Inmediatamente después, habrá un índice detallado de la solicitud, conforme a lo dispuesto en la Regla 75 de este Reglamento.

**(C) Cuerpo**

(1) Toda solicitud de certiorari contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) En la comparecencia, el nombre de las partes peticionarias.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari.

[…]

(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

(g) La súplica.

(2) No se permitirá la presentación de un memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de la solicitud de certiorari.

(3) En caso de que en la solicitud de certiorari se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de esta, la parte peticionaria procederá de conformidad con lo dispuesto en la Regla 76.

De tratarse de una solicitud de certiorari para revisar sentencias en casos de convicción por alegación de culpabilidad bajo la Regla 32(A) del Reglamento, la parte peticionaria procederá conforme se dispone en la Regla 29.

**(D) Número de páginas**

La solicitud de certiorari no excederá de veinticinco páginas cuando el expediente sea físico y treinta y cinco páginas cuando el expediente sea electrónico, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D) del Reglamento.

**(E) Apéndice**

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber:

(i) en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;

(ii) en casos criminales, la denuncia y la acusación, si la hubiere.

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a esta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia. [...].[11]

Nuestro Tribunal Supremo ha reiterado que las disposiciones reglamentarias sobre los recursos que se presentan ante el Tribunal de Apelaciones **deben observarse rigurosamente**.[12]

De igual modo, las partes están **obligadas** a cumplir fielmente el trámite prescrito en las correspondientes leyes y reglamentos aplicables al proceso de perfeccionamiento de los recursos y **no puede quedar a su arbitrio decidir qué disposiciones reglamentarias deben acatarse y cuándo**.[13]

Todavía más, una parte no puede utilizar como subterfugio su comparecencia **por derecho propio** para incumplir con las normas procesales en cuanto a la presentación y perfeccionamiento de los recursos.[14]

En consecuencia, el ejercicio de la función revisora de los tribunales está gobernado por doctrinas de autolimitación, entre las cuales se encuentra la doctrina de justiciabilidad.

---

[11] *Íd. Énfasis nuestro.*
[12] *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013).
[13] *Íd.*
[14] *Febles v. Romar*, 159 DPR 714 (2003).

Recordemos que dicha doctrina, —en síntesis— persigue evitar emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia. En otras palabras, **los tribunales existen para atender casos que planteen controversias reales, o sea, que sean justiciables**.[15]

Así pues, la Regla 83(C) del Reglamento del Tribunal de Apelaciones nos autoriza, a iniciativa propia, a desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente; en lo pertinente, que no se ha presentado o proseguido con diligencia.[16]

**-III-**

En un escueto escrito, el señor López Colón señala que está inconforme con las sentencias impuestas. Sin embargo, a tenor con la normativa jurídica expuesta advertimos que su recurso adolece de grandes deficiencias que nos impide considerar el mismo en sus méritos. Nos explicamos.

El peticionario se limitó a expresar las garantías y el principio penal como señalamientos de error. De igual forma, no aludió a jurisprudencia o a derecho alguno para sustentar su alegación ni realizó una discusión acorde con su petitorio, según lo exige la citada Regla 34 de nuestro Reglamento.

Además, el apéndice presentado es uno incompleto, pues no incluyó la sentencia dictada. Solo incluyó las acusaciones, la moción al amparo de la Regla 192.1 de Procedimiento Criminal y la *Orden* emitida por el TPI. Por lo cual, el recurso no está debidamente perfeccionado.

---

[15] *CEE v. Dpto. de Estado*, 134 DPR 927, 934-935 (1993). *Citas omitidas.*
[16] R. 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025).

En virtud de la citada Regla 83(C) del Reglamento del Tribunal de Apelaciones, nos vemos obligados a **denegar** la expedición de auto de *certiorari* solicitado, ya que el recurso no se ha presentado o proseguido con diligencia.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** la petición de *certiorari* presentada.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones. La Juez Barresi Ramos concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones