Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JOSELITO CRUZ CAMPOS<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | TA2025RA00293 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Remedio Administrativo Núm.: B-1002-25 |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 21 de octubre de 2025.

Vale recordar que las partes que recurren ante el Tribunal de Apelaciones deberán observar rigurosamente las normas que rigen el perfeccionamiento de los recursos apelativos, por lo cual el incumplimiento de los foros apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011). De esta manera, los foros apelativos podrán decidir correctamente las cuestiones planteadas, mediante el examen de un expediente completo. *Soto Pino v. Uno Radio Group*, *supra*. Ante dicho incumplimiento e inobservancia de las reglas, el foro apelativo podrá desestimar el recurso, aunque se podrá demostrar flexibilidad cuando se trata de un mero requisito de forma de menor importancia o cuando se haya impuesto la sanción sin antes haber apercibido a la parte debidamente. Véase *Gran Vista I v. Gutiérrez y otros*, 170 DPR 174 (2007). El que una parte comparezca

por derecho propio no justifica que incumplan con las reglas procesales. *Rivera Marcucci v. Suiza Dairy Inc.*, 196 DPR 157 (2016); *Febles v. Romar*, 159 DPR 714 (2003) (*Per Curiam*).

Sabido esto, nuestro reglamento requiere que el recurso de revisión judicial incluya en su Cuerpo, entre otros, (1) una referencia a la decisión objeto del recurso de revisión judicial, la cual debe incluir el nombre y número del caso administrativo, la agencia o funcionario que la dictó; (2) un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido; y (3) una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable. Regla 59 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

En el presente caso, el recurrente omitió incluir en su recurso ciertas secciones requeridas para el perfeccionamiento del escrito. Del expediente se desprende que el peticionario no dispone de los errores que éste alega que cometió el Departamento de Corrección y Rehabilitación, al igual que alguna fundamentación sobre sus alegaciones. Por tanto, este Tribunal carece de la información para evaluar y adjudicar el caso de epígrafe en sus méritos.

Por los fundamentos expresados, desestimamos el presente recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones